THE WATERMAN REAL ESTATE EXCHANGE (A CORPORATION) v. ALBERT L. STEPHENS, ADMINISTRATOR, ETC.

*Statute of frauds—Agreement for payment of commission on sale of real estate—Evidence—Corporation officers—Testimony as to facts equally within knowledge of deceased person.*

1. Agreements for the payment of commissions on the sale of real estate do not come within any provision of the statute of frauds.

2. While the testimony of the officers of a corporation as to their personal dealings with a deceased defendant in creating a contract for the sale of real estate on commission may be objectionable as calling for matters equally within his knowledge, such objection cannot apply to all of the services rendered in making such sale.

3. In such a case the testimony of persons who dealt with and were introduced by the corporation agents to the deceased, who recognized in their presence the employment claimed by the corporation, is admissible in support of such claim.

Error to Wayne. (Look, J.) Submitted on briefs June 12, 1888. Decided June 22, 1888.

*Assumpsit.* Plaintiff bring error. Reversed. The facts are stated in the opinion.

*Edwin F. Conely,* for appellant.

*Marston, Cowles & Jerome,* for defendant.

CAMPBELL, J. Plaintiff, a business corporation, acting as a real-estate broker, sued Henry Stephens for com-

missions on the sale of his property on Woodward avenue, Detroit.   Pending the suit, he died, and his personal representative appeared and defended.   On the trial the circuit court for Wayne county shut out all the testimony offered, and ordered judgment for defendant, and from the record we are somewhat in doubt how far the rulings were based on any supposed disability of the witnesses, and how far on something else.   One objection made to proof by officers of the company was that the matters were equally within the knowledge of the deceased, an objection which may have applied to their personal dealings in creating the contract, but could not apply to all of the services rendered.   It does not very clearly appear whether all the witnesses in plaintiff's employ were personally interested or not.   But the court excluded in the same way the testimony of persons who dealt with and were introduced by plaintiff's agents to Stephens, who recognized in their presence the relations relied on, and this testimony was not open to any question of personal disability.

The court ruled out all testimony, this as well as the rest, by holding that there could be no recovery except on a written contract.   For this ruling no authority was cited, and there is no principle which sustains it.   Agreements for such services do not come within any provision of the statute of frauds.   Had the testimony of the witnesses, not corporation agents, been allowed to be given, and to stand, the plaintiff would undoubtedly have recovered, as it made out a sufficient case of employment, and plaintiff could have at least recovered on a *quantum meruit*, if the precise terms of the contract were shut out.   This testimony should not have been ruled out, and what was admitted should have stood.

As there is no likelihood that, on a new trial, there can be any serious difficulty, we do not think it desirable,

under the very doubtful condition of the record as to the grounds of the ruling, to attempt to construe the statute relating to corporation witnesses. The object of the law was evidently to remove the common-law disabilities generally, and to provide in some cases for retaining them. Whether there was any purpose of creating new disabilities, or whether it could be done to such an extent as to impair the obligation of contracts, are questions which may or may not have been maturely considered and decided below. All statutes should be construed reasonably, and not in any extreme or impracticable way, and we prefer to reserve our views until it is necessary to express them, which is not now the case, as it is quite manifest that plaintiff has sufficient proof outside of the statute. The pleadings are not printed, and we are not informed of any defect in them; but plaintiff can amend if thought desirable.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.