HUFF *v.* COLE'S ESTATE.

1. Trial—Questions Raised—Appeal.
   Where the trial court indicates to counsel that he understands but one question to be involved in the case, and counsel make no attempt to correct such understanding, they are precluded from raising other questions on appeal.

2. Appeal—Record—Conclusiveness.
   The Supreme Court cannot consider questions not raised by the record, though appellant contends that it is incomplete.

3. TRIAL—REMARKS OF COURT.
   Counsel cannot complain of a remark by the trial court in apparent approval of a statement by counsel himself.

4. BROKERS—COMMISSIONS—EVIDENCE.
   In an action for commission on a sale of real estate, evidence of negotiations between plaintiff and the customer, afterwards communicated to defendant, is admissible.

Error to Montcalm; Davis, J. Submitted May 7, 1901. Decided July 2, 1901.

*Assumpsit* by David I. Huff against John M. Cole for a commission on a sale of real estate. Plaintiff had judgment, and defendant sued out a writ of error, but died pending the hearing on appeal, and the cause was revived in the name of his executrix. Judgment affirmed.

*Charles L. Rarden* and *D. A. Eliot*, for appellant.

*N. O. Griswold*, for appellee.

MONTGOMERY, C. J. The action was brought against John M. Cole in his lifetime. Mr. Cole died after judgment was entered in the court below, and the appeal is prosecuted by his executrix. The action was for a stated commission on a sale or trade of a half section of Dakota land. The plaintiff testified that the defendant agreed to pay him a commission of 5 per cent. if he would find him a customer for the land. The testimony discloses that the plaintiff did cause negotiations to be opened between defendant and one Monroe, and also that a trade was ultimately made between them on the terms which defendant had proposed to plaintiff, or substantially on those terms. The defendant testified in the court below that there was in fact no contract of employment whatsoever; that he was told by plaintiff that he was the agent of Monroe, and that in his dealings with him he so treated him, and never at any time employed plaintiff to act for him in any capacity. On this appeal defendant's counsel urge that a verdict should have been directed for defend-

ant—*First*, because the evidence failed to show that the plaintiff had performed his contract as testified to by him; and, *second*, because the testimony shows that the plaintiff was acting in a dual employment, in a manner which infringes public policy; and error is also assigned upon portions of the charge of the court, which is said to have withdrawn the consideration of that question from the jury.

At the close of the testimony the record discloses the following proceedings:

"*The Court :* Is there any question between counsel here now but what this exchange of property was finally made upon substantially the terms announced by Cole to Huff?

"*Mr. Griswold :* No, there is none. I don't understand there is any.

"*The Court :* If there was any difference, it was an advance price of $150, which would operate in favor of the plaintiff, if any way, under the holding of our court in *Wood* v. *Wells*, 103 Mich. 320 (61 N. W. 503). Is there anything to discuss, anything further in the case, so far as the examination of witnesses is concerned, except he claims that Huff was the agent of Monroe? There seems to be no question but what, under the testimony of the defendant and the testimony of the plaintiff, but what Huff brought the parties together, and the trade was finally consummated on substantially the same basis and terms as was talked.

"*Mr. Griswold :* I think that is right.

"*The Court :* So the only question is really as to the contract and the agency of Huff."

Thereupon occurred the following:

"*Mr. Rarden:* I think we rest.

"*Mr. Griswold:* All right; we rest.

"*The Court:* What is there to go to the jury, except bearing upon the question of contract?

"*Mr. Griswold:* Nothing.

"*Mr. Rarden:* Nothing.

"*The Court:* Do you claim, as a matter of law, Huff was the agent of either party?

"*Mr. Rarden:* He was the agent of Monroe, and we are not bound by his statement as to the agency for Cole.

"*The Court:* A man can't establish his own agency by his own words; he must depend upon the facts.

"*Mr. Rarden:* I wish to ask the court to hold that they cannot recover in any event.

"*The Court:* My view of this case is, gentlemen, the only thing to go to the jury is the question of contract,— whether he made such an agreement or not.

"*Mr. Rarden:* They can recover nothing unless they recover on the contract of 5 per cent.

"*The Court:* They must find Huff's claim; that is, the true one. That is all there is to go to the jury."

In the course of the charge the court stated to the jury:

"There is no question in this case, under the proofs, but what Huff brought the parties together, and there is no question but what the price fixed by Monroe was $3,200 upon his land, by Cole $2,300 on the Dakota land; no dispute but what the trade was afterwards consummated between the parties at the fixed value, $3,200 for the Eureka land, in this county, and $2,300 for the Dakota land, with $150 added for improvements, that being the only substantial change, making $150 more than was originally talked, and, as has been explained, and not disputed by the defendant, as being added for the improvements being put upon the place after he had announced the place at $2,300."

No written request was preferred, and no attempt to correct the understanding which the judge apparently had that the sole question of dispute between the counsel was the one whether the contract claimed to have been made was in fact entered into. Under these circumstances, we think the defendant is not in a position to urge the points made.

Counsel assert that the record is incomplete, and that these grounds were in fact urged before the trial court. But we are bound by the record, and cannot from the record reach any other conclusion than that the circuit judge had the right to understand that all questions other than contract or no contract were eliminated by agreement or assent of counsel.

Error is assigned upon the remark above quoted, that "a man cannot establish his own agency by his own

words." This language was plainly used in answer to a statement of defendant's counsel, and he certainly is in no position to complain of it.

Error is also assigned upon rulings admitting testimony of conversations between Monroe and plaintiff. The statements related directly to the question of an exchange of Monroe's land for defendant's, and nothing aside from the negotiations was received. These statements were, in substance, communicated to the defendant, and were competent.

We discover no error. Judgment affirmed.

The other Justices concurred.