OBENAUER v. SOLOMON.

1. BROKERS — CONTRACTS — CONSTRUCTION — CONTRACT WITH SELLER.

A letter written by defendant to plaintiff, a broker, stating that defendant has certain timber for sale, giving the price and terms of payment and shipment, and concluding, " You may have ten days from this date in which to place the stock," obligates defendant to compensate plaintiff for finding and reporting a purchaser on the terms stated.

2. EVIDENCE—CONSTRUCTION OF CONTRACT—ADMISSIBILITY.

Refusal to permit a witness to testify what was meant by the words in a written contract " You may have ten days in which to place the stock," is proper, the testimony not being evidence of usage, but a mere offer of testimony as to the proper construction of a writing.

3. STATUTE OF FRAUDS — SALES OF GOODS — CONTRACT WITH BROKER—NECESSITY OF WRITING.

The statute of frauds does not require that a contract with a broker to find a purchaser for goods of the value of over $50 shall be in writing.

4. EVIDENCE—PAROL EVIDENCE—VARYING WRITING — CONTRACT WITH BROKER.

Where a writing executed by defendant authorizing plaintiff to find a purchaser for certain timber was silent upon the question where defendant was to be notified, parol evidence that at the time of executing the writing defendant stated that the notice should be sent to a certain place is admissible.

5. SAME — DECLARATIONS OF PARTY — PROOF OF INTENTION — EQUIVOCATION.

Where a written contract states that the timber, the subject of the contract, is to be " piled on the dock," but no dock is specified, an equivocation appears, to interpret which, evidence as to what dock was orally designated by defendant is admissible.

6. SAVING QUESTIONS FOR REVIEW — OBJECTION NOT MADE BELOW—APPLICATION OF STATUTE OF FRAUDS.

An objection not made below that the contract sued upon was one which could not be performed within a year, that its

terms should therefore be in writing, and that parol testimony as to some of its terms was not admissible, will not be considered on appeal.

7. BROKERS—ACTION FOR COMMISSIONS—PROCUREMENT OF PURCHASER—EVIDENCE—ADMISSIBILITY.

In an action by a broker for his commissions for procuring a purchaser for defendant's timber, plaintiff may testify to a conversation with the purchaser's agent tending to show his willingness to purchase the timber on the terms specified in plaintiff's contract of employment.

8. EVIDENCE—HEARSAY—DECLARATIONS.

Where, in an action by a broker for commissions for finding a purchaser for defendant's timber, a conversation between plaintiff and the purchaser's agent tending to show his willingness to buy the timber on the terms specified has been shown, testimony that at a later time and place the purchaser's agent made inconsistent statements is hearsay and inadmissible.

9. BROKERS—COMMISSIONS—AMOUNT RECOVERABLE.

Where a broker was employed to sell 3,000,000 feet of timber and his principal repudiated the contract of employment and sold to the purchaser procured by the broker upon different terms, the extent of the broker's commissions is not affected by the fact that only 2,000,000 feet of timber was delivered under the subsequent contract.

10. SAME—RATE OF COMMISSION—EVIDENCE—HARMLESS ERROR.

The admission of testimony as to what was a reasonable compensation for finding a purchaser for defendant's timber is not prejudicial to defendant where the undisputed testimony shows that the law of custom fixed the compensation at the amount stated by the witness.

11. SAME—ACTION FOR COMMISSIONS—ACCRUAL.

Where defendant refused to deal with a purchaser for his timber procured by plaintiff and sold it through another broker, plaintiff was not obliged to wait until his compensation would have been due under the terms of the contract between himself and plaintiff, but was entitled to sue immediately upon defendant's disabling himself from performing.

Error to Alpena; Emerick, J.   Submitted January 22, 1908.   (Docket No. 71.)   Decided March 17, 1908.

Assumpsit by Henry G. Obenauer against Selig Solomon on a contract for the sale of certain timber. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Charles R. Henry,* for appellant.

*Frank D. Scott* (*Joseph H. Cobb,* of counsel), for appellee.

Plaintiff recovered a verdict and judgment in the trial court. The material facts are as follows: September 5, 1902, defendant executed and delivered to plaintiff an exhibit, of which the following is the substance:

"HENRY G. OBENAUER, Esq.: I have for sale for the season of 1903, three million feet of Norway which I wish to cut into timber including about ten per cent. tamarack to be cut from 4 x 4 to 8 x 8, or as the buyer may wish to have it cut, with a guaranty of 50 per cent. 18 feet to 24 feet long and 50 per cent. from 10 feet to 16 feet long.

"The terms of shipment to be the removal of the lumber as fast as 500 M. ft. is cut and piled on the dock and the price is to be $13 per M. for the merchantable; $10 per M. for the mill culls. Terms, 1½ per cent. off in ten days, or 60 days net. You may have ten days from this date in which to place the stock. * * *

"I should also want a settlement for every cargo by note or check.

      (Sgd.)      "SELIG SOLOMON."

Within said 10 days plaintiff found a purchaser for said timber on the terms above mentioned and gave notice of this fact by sending letters and telegrams addressed to defendant at Au Sable, Michigan. On the trial plaintiff was permitted to prove that at the time the memorandum was delivered, defendant told him to send this notice to him at Au Sable, and also that the lumber would be manufactured at Au Sable and delivered there on dock in 10 feet of water. Owing to defendant's absence he did not receive the notice sent by plaintiff until after the lapse of said 10 days. He then refused to execute a contract with

the purchaser procured by plaintiff, but subsequently, on September 30, 1902, did sell said timber to said purchaser through another broker at an advance over the price stated in said memorandum. After this sale was made, on November 3, 1902, this suit was instituted. The undisputed testimony proved that in cases like that before us, the inspector or broker who procured the sale had a right to inspect the timber and to receive for his services 25 cents per thousand, to be paid, one-half by the seller and one-half by the buyer, and therefore the trial court charged the jury that if plaintiff was entitled to recover, the measure of his damages was said 25 cents per thousand feet less the actual cost of making said inspection, and plaintiff recovered a verdict and judgment for that amount.

CARPENTER, J. (*after stating the facts*). We are asked to reverse the judgment upon several grounds.

1. Construction of the writing. It is defendant's contention that the writing, properly construed, did not impose upon him any obligation; that he was at complete liberty to refuse to sell the timber to any purchaser whom plaintiff might procure within the 10 days mentioned therein. We deem it sufficient to say that in our judgment this contention cannot be maintained, for, if so, it follows, as stated by the learned trial judge, "that the paper amounted to nothing in the nature of contract rights, or contract relations between Mr. Solomon and Mr. Obenauer." The court very properly refused to permit witnesses to testify what was meant by the words in the writing: "You may have ten days from this date in which to place the stock." The authorities relied upon by defendant, holding *evidence of usage* admissible to prove what is meant by expressions in contracts, have no application. The excluded testimony was not of that character. The ruling of the court merely denied the right of a witness to testify to the proper construction of a writing. Clearly this ruling was correct.

2. Rulings relating to the admissibility of testimony.

It is contended that the trial court erred in permitting plaintiff to prove that at the time the memorandum was executed the defendant told him to notify him (defendant) if he found a purchaser by sending such notice to Au Sable, and that the place of the delivery of the timber was the dock at Au Sable. It is insisted that this testimony was inadmissible because it tended to vary the terms of the writing, and also because, as the contract was one for the sale of goods for more than $50, none of its terms could rest in parol. It is true that the contract contemplated the sale of goods for more than $50. Plaintiff was to find a purchaser who would enter into such a contract. This circumstance did not however require the contract between the plaintiff and defendant to be in writing. *Waterman Real Estate Exchange* v. *Stevens*, 71 Mich. 104.

Was the testimony inadmissible because it tended to vary the terms of the writing? That this objection is not good, in so far as it relates to the testimony respecting the place where the notice should be sent, is settled by our decision of *Town* v. *Jepson*, 133 Mich. 673. See, also, *Liggett Spring & Axle Co.* v. *Michigan Buggy Co.*, 106 Mich. 445; *National Cash Register Co.* v. *Blumenthal*, 85 Mich. 464.

Was it permissible to prove that defendant stated that the timber would be delivered at a dock in Au Sable? The writing states, "The terms of shipment to be the removal of the lumber as fast as 500 M. feet is cut and piled on the dock." What dock? That is a question which arises in interpreting the document. There are many docks to which this description will apply. While it is true that as a general rule the declarations of a party are not admissible to prove his intention (see 4 Wigmore on Evidence, § 2471), there is this exception:

"They are receivable to assist in interpreting an equivocation,—that is, a term which, upon application to external objects, is found to fit two or more of them equally." 4 Wigmore on Evidence, § 2472.

The testimony under consideration comes within this exception and was properly admitted.

It is also insisted that the contract between the plaintiff and defendant was one which could not be performed within a year; that its terms should therefore be in writing, and that for this reason the testimony under consideration was improperly admitted. This objection was not made in the trial court and we decline to consider it.

The only authorized agent of the purchaser went to Alpena before the lapse of said 10 days for the purpose of closing up the deal with defendant. Plaintiff was permitted to testify to a conversation with said agent which tended to prove his willingness to buy the timber on the terms set forth in the memorandum signed by defendant. Subsequently defendant offered to prove that said agent made inconsistent statements at a later time and place. This testimony was excluded. Defendant contends that each of these rulings cannot be correct. We think otherwise. The ruling admitting the testimony was clearly correct. It had a tendency to establish the claim of plaintiff that he procured a purchaser for defendant's timber. What the purchaser may have stated later was clearly hearsay and inadmissible.

3. Measure of damages. The evidence proved that there was actually delivered, in the season of 1903, to the purchaser heretofore mentioned, not the amount of 3,000,000 feet stated in the writing delivered by defendant to plaintiff, but a little less than 2,000,000 feet, and defendant insists that this lesser amount, instead of the 3,000,000 feet, affords the proper basis for measuring plaintiff's damages. We think otherwise. By the writing defendant obligated himself to sell 3,000,000 feet. That obligation would not be affected by the circumstance that in his subsequent dealing it was impossible or inconvenient to deliver so large an amount. In this connection we consider defendant's complaint that plaintiff was improperly permitted to answer the question:

"*Q*. What was a fair and reasonable compensation per thousand feet commission for procuring a purchaser for this Norway?"

The answer was 25 cents a thousand. We are not called upon to determine whether or not this testimony was properly admitted, for its admission did not prejudice defendant. Under the undisputed testimony in the case, as heretofore indicated, the law of custom determined the rights of the parties and determined that plaintiff was entitled to inspect this timber and to receive for his services 25 cents per thousand, and he was permitted to recover on this theory.

4. Premature action. It is insisted that, since the contract was one contemplating the sale of timber to be delivered during the season of 1903, the suit could not properly be commenced in November, 1902. It is undoubtedly true that if the contract had been performed plaintiff would have had no right of action until he had inspected the timber during the season of 1903. But defendant by refusing to deal with the purchaser procured by plaintiff had repudiated that contract. By subsequently selling the timber through another broker he had intentionally disabled himself from performing it. Under these circumstances it was unnecessary for plaintiff to wait. He had a right to sue at once. *Platt* v. *Brand*, 26 Mich. 173; *Hosmer* v. *Wilson*, 7 Mich. 294, 304.

No other question demands discussion. The judgment is affirmed.

GRANT, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.