## WEBB v. BURROUGHS.

A real estate agent, who procured a purchaser able, ready, and willing to pay the price fixed by the owner, will not be defeated in a recovery of his commission by the fact that the owner "threw in" a lot of old farm machinery in closing the sale, on the ground that the land was sold on different terms than those on which the agent was authorized to find a purchaser.

In an action for commissions for selling real estate, it was not error to permit plaintiff to testify to a conversation between himself and his agent, who actually brought defendant and the purchaser together, since it was material to show the connection between plaintiff and his agent, and such connection resulting from the conversation.

(Opinion filed, June 18, 1910.)

Appeal from Circuit Court, Hanson County, HON. FRANK B. SMITH, Judge.

Action by F. V. Webb against Thomas Burroughs. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*Edward L. Wagner,* for appellant. *Chas. D. Kelso,* for respondent.

McCOY, J.   Plaintiff brought suit to recover commission on sale of defendant's land.   There was a verdict and judgment in favor of plaintiff in the court below.   Defendant appeals.

The only questions raised are the sufficiency of the evidence to justify the verdict and certain rulings of the trial court as to the reception and rejection of testimony.   It is conceded by both parties that plaintiff was authorized by defendant to find a purchaser, and for which service defendant agreed to pay plaintiff $50.   Plaintiff contends that he was simply authorized to find a purchaser able, ready, and willing to purchase at $50 an acre, the terms of payment to be settled between the parties themselves.   Defendant claims that plaintiff was to find a purchaser for $50 an acre who was willing to take the land subject to a lease.   Whatever dispute existed between the parties as to the terms of the contract has been settled by the verdict of the jury in favor of plaintiff, so that, for the purposes of this appeal, the contract stands as claimed by plaintiff, and he was to find a purchaser ready, willing, and able to purchase at $50 per acre, the terms of sale to be settled between the parties themselves.   It is also undisputed that plaintiff, through one Brewer, did find and produce a purchaser in one Lawrence Powers, caused him to come from the state of Wisconsin to South Dakota for the express purpose of purchasing appellant's land, and who did purchase the same.   Powers testified that he was ready, able, and willing to purchase said land at $50 per acre, and had the cash to make the required payments.

The appellant and Powers' entered into the following contract:  "This agreement, made and entered into this 1st day of October, 1907, by and between T. P. Burroughs, party of the first part, and Lawrence Powers, party of the second part, witnesseth: That the party of the first part hereby agrees to give warranty

deed to the southeast quarter of section nineteen, township one hundred and three, range fifty-eight, upon the payment· to him of the sum of eight thousand dollars by party of the second part, payable as follows: "One thousand dollars down, the receipt of which is hereby acknowledged; three thousand dollars on or before the 1st of March, 1908; four thousand dollars on March 1, 1908, or if the second party wishes he can give first mortgage for four thousand dollars payable March 1, 1908, for three years, optional, with interest at the rate of six per cent. per annum. First party to leave the following described machinery on the premises, for which he has received payment 'in the above-described payments: One corn planter, one binder, one drag, two sulky plows, one gang plow, one cultivator, and other old machinery which will be left on the place March first, 1908."

While it appears from this contract that a lot of old farm machinery was included therein, it does not appear whether Powers purchased or rented the same. The contract says it was to be left on the premises, how long is not stated. This contract also recites that appellant had received payment for the machinery in the above payments for the land, but how much, or whether for rent or purchase price, is not stated. No evidence was offered as to the value of the old machinery—whether it was worth $1 or $2. Powers testified that he was willing to purchase the land in question for $50 an acre, and this statement of his stands in the record unqualified, and the fact that appellant might have been willing to and did "throw in" a lot of old farm machinery (the value of which he has not seen fit to show) will not defeat the recovery of plaintiff's commission on the ground that the land was sold on different terms than those on which the plaintiff, as agent, was authorized to find a purchaser. We are of the opinion that the evidence clearly shows that plaintiff substantially complied with his contract. The following cases fully sustain these views: Huntemer v. Arent, 16 S. D. 465, 93 N. W. 653; Scott v. Clark, 3 S. D. 486, 54 N. W. 538; Eggland v. South, 22 S. D. 467, 118 N. W. 719.

Plaintiff was permitted, over the objection of defendant, to testify as to a conversation between plaintiff and his agent,

Brewer, who actually brought appellant and the purchaser, Powers, together. On the trial it was material to show the connection existing between plaintiff and Brewer. This connection resulted from a conversation between Brewer and plaintiff. The conversation was the direct evidence, material and competent, proving this connection, and was primary evidence of a part of the transaction itself, which brought about the sale of said land, and therefore was not open to the objection of being hearsay. The ruling of the trial court was proper.

Many other rulings of the trial court, overruling objections of defendant and sustaining objections of plaintiff, are assigned as error; but after having carefully examined each of said assignments we are clearly of the opinion that each and all thereof are without merit.

Finding no error in the record, the judgment and order denying a new trial, appealed from, are affirmed.