## Phillips' Executor v. Rudy.

(Decided February 15, 1912.)

### Appeal from Daviess Circuit Court.

1. Personal Representative—Action—Revivor—Service of Order of Revivor—Waiver.—If during the pendency of an action, the defendant dies, and the action is revived in the name of the execu-

tor, a failure to serve the order of revivor on the executor is waived by the latter's appearing and making defense.

2. Same—Judgment—Verification of Claim—Kentucky Statutes, Sections 3870, 3872 and 3874.—While it is not proper to render judgment against a personal representative until the claim has been verified as required by Sections 3870, 3872 and 3874, Kentucky Statutes, the question can not be raised for the first time on appeal to this court.

3. Contract—Consideration—Real Estate Broker—Commission.— Where the owner of real estate places it in the hands of an agent for sale at the price of $2,500.00, and agrees to pay him a commission of 2 1-2 per cent. of that sum, and the agent secures a purchaser at the price of $2,800.00 and reports this fact to the owner, and the owner then agrees to pay the agent an additional commission of $300.00, or all the excess over the price fixed by the owner, such promise is without consideration and imposes no legal liability. In such a case, however, the agent, if entitled to recover at all, may recover a commission of 2 1-2 per cent on the entire purchase price that the purchaser agrees to pay.

4. Same—Performance—Pleading—Evidence.—In an action by an agent to recover commission for effecting a sale of real estate which the owner refused to consummate, it is necessary in order to recover both to allege and prove that plaintiff furnished a purchaser who was ready, willing and able to perform his part of the contract according to the terms agreed upon.

LITTLE & SLACK, R. A. MILLER and W. E. AUD for appellant.

WATKINS & BIRKHEAD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

H. B. Phillips was the owner of certain real estate in Daviess county, which he placed in the hands of appellee, Charles Rudy, a real estate broker, for sale. Claiming that he found a purchaser for the property at the price of $2,800.00, who was ready and willing to take it, but that Phillips declined to execute to him a deed to the property, appellee brought this action to recover a commission of $362.50 alleged to be due for his services in effecting the sale. After describing the property and alleging that Phillips offered it for sale, and agreed with appellee that if he would sell the property, or find him a purchaser for same for the sum of $2,500.00, he would give appellee a commission of 2 1-2 per cent of said sum, the petition alleges that appellee found a purchaser for said property for the sum of $2,800.00, $500.00 of which was to be paid in cash, and the remainder as follows: $300.00 to appellee in one year after date; $160.00 to

Phillips one year after date, and the remaining $1,-840.00 to be paid in four equal installments of $460.00 each, due in two, three, four and five years after date, respectively, with interest from date at the rate of six per cent, payable semi-annually; that he notified Phillips of said offer, and Phillips then and there agreed that appellee should receive the $300.00 note referred to in addition to the 2 1-2 per cent. commission on $2,500.00; that appellee found a purchaser who was willing. and ready to make the payments hereinbefore set out and to execute the notes, and Phillips agreed to execute to him a deed on the following day, but failed and refused to do so. Judgment was prayed accordingly. Phillips filed an answer controverting the allegations of the petition, and pleaded that the only contract he had with appellee was to pay him a commission of 2 1-2 per cent. if he should sell the property for $2,500.00. The answer further pleaded that the alleged agreement as to the $300.00 note was without consideration. Later on appellee filed an amended petition, alleging that at the request of Phillips he had performed valuable services for him in that he had furnished him a purchaser who was willing to pay him $300.00 more for the property than he had authorized appellee to sell it for, which fact had enhanced the value of his services in the sum of $300.00, and that his charge of $362.50 was reasonable and customary. By consent the allegations of the amended petition were controverted of record.

The first trial took place during the lifetime of H. B. Phillips and resulted in a verdict and judgment in favor of appellee for the sum of $262.50. Motion and grounds for a new trial were filed. Pending the motion, H. B. Phillips died, and his death was suggested on November 10, 1909. On June 23, 1910, the action was revived in the name of John McChord, Executor of H. B. Phillips, deceased. At the September term, 1910, the former verdict and judgment were set aside and a new trial granted. At the same term a second trial was had at which the executor appeared and made defense. The jury returned a verdict in favor of appellee for the sum of $362.50, and from the judgment based thereon this appeal is prosecuted.

Appellant first insists that the action was not properly revived. Unless the revivor is had by consent, the party desiring a revivor may give ten days' notice of his motion for an order of revivor, and if the personal

representative fails to show sufficient cause to the contrary, the order of revivor will be made (Section 503, Civil Code) or he may on motion suggest the death of the opposing party and obtain an order reviving the action in the name of the personal representative of the deceased, and have this order served on the personal representative. If the latter fails to show cause against the revivor, the action shall stand revived (Civil Code, Sections 501, 502.) In this case an order of revivor was made, but was not served on appellant. However, the failure to serve the order of revivor was waived by appellant's appearing to the action and making defense (Thompson's Admr. v. Williams' Receiver, 86 Ky., 15.)

It is next insisted that the trial court erred in rendering judgment against appellant as executor without the verification of appellee's claim by affidavit as required by Sections 3870, 3872 and 3874, Kentucky Statutes. It does not appear from the record that this question was raised in the court below. While it was not proper to enter judgment until the required affidavit was filed, yet this question can not be raised for the first time in this court (Spradlin, &c. v. Stanley's Admr., &c., 124 Ky., 701.)

Another alleged error is the failure of the trial court to direct a verdict in appellant's favor as to the note for $300.00 on the ground that decedent's alleged promise to pay appellee that sum was without consideration. It appears from the petition and proof that appellee was employed to make the sale at $2,500.00 upon an agreement by Phillips to pay him a commission of 2 1-2 per cent of that sum. Appellee found a purchaser who was willing to pay $2,800.00. Owing to the relation that existed between appellee and Phillips, it was the former's duty to report this fact to the latter. This he did. Then it was that Phillips, it is claimed, promised to pay not only the commission of 2 1-2 per cent. of $2,500.00, but in addition thereto, all the excess over $2,500.00 that the purchaser was willing to pay. At that time, the purchaser had been secured, and the services, therefore, performed. Here then we have a case where the owner of property who had placed it in the hands of an agent to sell upon an agreement to pay a certain commission, promises, after the services are performed, and without an additional benefit to him to pay more than he had agreed to pay. Such a promise was without consideration and imposed no legal liability on the

owner (9 Cyc., 538, 359.) However, as the original agreement contemplated the payment of a commission of 2 1-2 per cent on the entire purchase price, and not merely on the price at which the owner was willing to sell, appellee, if entitled to recover at all, may recover a commission of 2 1-2 per cent not only on the $2,500.00, but on the excess over that sum that the purchaser agreed to pay.

In conclusion, we deem it proper to say that the petition was defective in failing to allege, and the evidence insufficient in failing to show, that the purchaser furnished by appellee was not only ready and willing, but was also able to pay for the property in accordance with his contract. Each of the words, "ready," "willing," and "able," expresses an idea that the others do not convey. Therefore, the rule is that where a real estate broker undertakes to furnish a purchaser, he is bound to act in good faith in presenting a person who is ready, willing and able to perform his part of the contract, according to the terms proposed, and if he does furnish such a purchaser, he is entitled to his commission for making the sale (Randle v. Bloomfield, 146 Ky., 421.)

Upon the return of the case, appellee will be permitted to amend his petition to conform to the views herein expressed.

Judgment reversed and cause remanded for a new trial consistent with this opinion.