KAMP, Respondent, v. MADISON, Appellant.

(161 N. W. 809.)

(File No. 3939. Opinion filed March 22, 1917.)

1. Instructions—Whether Responsive to Issues, Presumption.

It must be presumed, on appeal, that instructions given were intended to be responsive to the issues made by the pleadings and the evidence.

2. Damages—Measure of Damages—Suit for Land Exchange Commission—Instructions as to Indivisible Contract—Verdict, Whether Against Law?

In a suit to recover commissions for services in a land exchange deal, where the complaint alleged performance of services by plaintiff for defendant in and about the transaction, reasonably worth and of the agreed price of $1280.00, the answer being a general denial, held, that an instruction that the jury should determine whether there was a contract as claimed by plaintiff, and that that meant the amount that would be received in compensation, that plaintiff is suing to recover, "the sum of $1280.00 as real estate agent's commission for selling or exchanging 1280 acres of land for the defendant on a commission of $1. per acre," and that if from the evidence the jury should find that defendant agreed to pay plaintiff $1. per acre, for finding a party to whom he should trade the same, etc., the verdict will be for plaintiff "for such amount as was agreed upon between the parties," was not an instruction to the effect that the transaction constituted, and that plaintiff's claim was founded upon, an indivisible contract for the exchange of 1280 acres of defendant's lands, and that plaintiff must recover commissions of $1280 or nothing; that, defendant having denied that any contract was made, that was the issue to which the instructions applied; that they in effect instructed that the proof must show a contract of employment

or commission, and that plaintiff had performed services in consummation of one or both of the deals referred to in the complaint, entitling her to the claimed commission of $1. per acre. Held, further, that a verdict for $640 was not one against the law as instructed.

3. Evidence—Sufficiency of—Verdict, Sustaining, on Appeal, Conflicting Evidence.

Where the evidence is conflicting, but is sufficient to sustain a verdict for plaintiff's commissions in a land deal, upon either a contract of employment or one of commissions, the verdict will not be disturbed upon appeal.

4. Brokers—Evidence—Suit for Land Exchange Commission—Testimony of Land Owner Partner, Competency.

In a suit for commissions for services performed in connection with a sale or exchange of lands, held, that the testimony of a member of the firm for whom the alleged services were performed, that witness' partner attended to the trading; that plaintiff told witness that she had some land that the owner wanted to trade or dispose of; that said firm had several letters from her, and that witness had his partner come to see plaintiff and look at the land, was competent as tending to show plaintiff's connections with the transactions between said partner and the defendant, and was direct and material evidence of a part of the transactions which brought about the exchange of lands.

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by Alice Kamp, against James R. Madison, to recover commissions for services in a land deal. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Buell & Denu,* for Appellant.

*Frank D. Bangs,* for Respondent.

(2.) To point two of the opinion, Appellant cited: Distad v. Shanklin, 11 S. D. 2; Freel v. Pietzsch (N. D.) 132 N. W. 779; Soderburg v. C. St. P. M. & O. R. Co. (Ia.) 149 N. W. 82.

Respondent cited: Updike v. State, 9 Okla. Crim. 133.

(4.) To point four of the opinion, Respondent cited: 16 Cyc. 1146; Wigmore on Evidence, Vol. 3, Sec. 1768; Webb v. Burroughs, (S. D.) 127 N. W. 623; Leonard v. Roberts, (Colo.) 36 Pac. 880; McDonald v. Smith, (Minn.) 108 N. W. 291; Obe-

nauer v. Solomon, (Mich.) 115 N. W. 696; Grosse v. Cooley, (Minn.) 45 N. W. 15.

SMITH, J. Action to recover commissions for services in a land deal. Verdict and judgment for plaintiff. Defendant appeals. Appellant assigns as error: First, the overruling of objections to certain evidence; second, that the verdict is against the law as given in the instructions of the court; third, that there is no evidence which supports the verdict.

A statement of the issues raised by the pleadings will aid in the determination of appellant's second and third contentions. The complaint alleges:

"That * * * defendant was the owner of a large amount of land, * * * which land he desired to trade or sell; * * * that plaintiff performed work and services for the defendant in and about the sale and trading of the land aforesaid, which services were reasonably worth and of the agreed price of $1,280; that no part thereof has been paid."

The answer is a general denial.

Appellant's contention is that, under the instructions of the court, the jury were directed to find a verdict for plaintiff in the sum of $1,280, or to return a verdict for defendant; that such instruction, unexcepted to, became the law of the case, whether erroneous or not, and therefore the verdict for $640 was against the law; that there was no evidence which would sustain the verdict. Certainly the issues raised by the pleadings would not warrant an instruction such as appellant claims was given, and it becomes the duty of the appellate court to examine the whole instructions. So far as material here, the instructions were as follows:

"Now, gentlemen of the jury, the very first thing you should do upon your retirement is to determine whether or not there was a contract had, such a contract as claimed by the plaintiff in this case, such a contract as the two minds met and agreed on. That means the particular property, the amount that would be received in compensation, and the time in which this work was to be performed. * * *

"Was that contract carried out, or was it carried out within a reasonable time, if there was a contract. * * * It is incumbent upon the plaintiff to prove by the preponderance of the testimony

the essence of the contract; that the contract was carried out; that the plaintiff performed the work. You are instructed, gentlemen of the jury, that the plaintiff is suing the defendant in the capacity of a real estate agent, to recover the sum of. $1,280 as real estate agent's commission for selling or exchanging 1,280 acres of land for the defendant on a commission of $1 per acre. * * * You are instructed * * * that, if you find from the evidence that the defendant agreed to pay to the plaintiff the sum of $1 per acre for finding a purchaser for his lands, or a party to ,whom he should trade the same, and if you further find that she did procure for him a party to whom he subsequently traded the land, your verdict will be for the plaintiff for such amount as was agreed upon between the parties. * * * Now, gentlemen of the jury, as before stated, you take this evidence and weigh it and determine from it whether there was a contract. If there was a contract, did the plaintiff perform that contract within a reasonable length of time; if so, you will find for the plaintiff in such amount as you find the evidence shows her entitled to not exceeding the sum of $1,280."

[1] It must be presumed that instructions given were intended to be responsive to the issues made by the pleadings and the evidence. Defendant specifically denied that he ever employed plaintiff to find a purchaser for his own lands, but admitted that he talked with her about a trade of lands owned by his wife, for part of the land or tract in Nebraska known as the Cherry county land, and told her he would give her $1 an acre to make the deal, and went with his wife and plaintiff to look at the Cherry county land, and testified that the first time he ever saw her plaintiff asked to sell his land, and that it was the only time he ever said he would pay her any commission; that the offer to pay such commission referred to the home place, and not to the lands which were exchanged; that the deal for the home place fell through.

One Bailey owned the Nebraska lands. It is undisputed that it was through plaintiff's efforts that defendant and Bailey opened negotiations for a deal in lands. Two separate deals appear to have been consummated, one begun in the fall of 1912, in which defendant traded 640 acres of his own lands for lands owned by Bailey, and which was closed in July, 1912; the other

begun in August, 1912, in which defendant traded 640 acres of land to Bailey for a stock of goods at Oelrichs, Neb. Plaintiff claimed commissions of $1 an acre on the 1,280 acres exchanged in the two deals. Defendant denied that she had anything to do with either of the trades.

[2, 3] Appellant's contention is that the trial court instructed the jury that the transaction constituted, and that plaintiff's claim was founded upon, an indivisible contract for the exchange of 1,280 acres of defendant's lands, and that plaintiff must recover commissions of $1,280 or nothing; that the verdict for $640 was against the law as given in the instructions of the court, and not sustained by the evidence, in that plaintiff claimed $1,280. and not $640, as commissions. We cannot agree with appellant's view of the instructions given. The defendant denied that any contract was ever made under which plaintiff was to receive a commission for the sale or exchange of any of his own lands. This was the issue to which the instructions applied. They were to the effect that the burden of proof was on plaintiff to satisfy the jury that there was a contract of employment or commission; that the plaintiff had performed services in the consummation of one or both of the deals above mentioned, which entitled her to the claimed commission of $1 per acre on lands so exchanged by defendant. The evidence was conflicting, but was sufficient to sustain a verdict upon either transaction, and therefore will not be disturbed on appeal.

[4] One Brown, a witness for plaintiff, was permitted to testify, in substance, that he was a member of the land firm in which Bailey was a partner; that Bailey attended to the trading; that plaintiff had told him (Brown) that she had some land that the owner wanted to trade or dispose of; that they had several letters from her; and that he had Bailey come to see Mrs. Kamp and look at the land. This evidence was competent as tending to show plaintiff's connection with the transactions between Bailey and the defendant, and was direct and material evidence of a part of the transactions which brought about the exchange of lands. Webb v. Burroughs, 25 S. D. 629, 127 N. W. 623; Leonard v. Roberts, 20 Colo. 88, 36 Pac. 880; Obenauer v. Solomon, 151 Mich. 570, 115 N. W. 696.

No error appearing in the record, the judgment and order of the trial court are affirmed.