## STOLAROFF v. CAMPBELL.  (No. 2308.)

Court of Civil Appeals of Texas.  El Paso.
June 10, 1929.

Harold Potash and Kemp & Nagle, all of El Paso, for appellant.

J. G. Bennis and Jos. M. Nealon, both of El Paso, for appellee.

HIGGINS, J. Appellee, a real estate broker, brought this suit against appellant and recovered judgment for $2,500 as prayed for.

Briefly stated the facts alleged in the petition are as follows:

Defendant listed with plaintiff for sale the premises at 214 East San Antonio street, in El Paso, at the price of $65,000, defendant agreeing to pay the usual commission. Plaintiff interested Joe Talpis in the purchase of the property who offered to purchase same for $55,000, which defendant declined to accept. Later defendant, through his agent, Fabian Stolaroff, authorized plaintiff to offer the property to Talpis for $62,500, payable $20,000 cash, the deferred payments to be payable in five equal yearly installments bearing 7 per cent. interest. Plaintiff communicated this offer to Talpis, who declined to accept same, but offered $62,500, payable $15,000 cash, balance in installments, as stated above, bearing 6 per cent. interest. Defendant declined this counter proposition but through his said agent authorized plaintiff to offer the property to Talpis for $62,500, of which amount $15,000 was to be paid in cash, the balance in five equal yearly installments bearing 7 per cent. interest, the deferred payments to be evidenced by notes payable "on or before" one to five years, respectively, after date. Of said $62,500 the sum of $2,500 was to be plaintiff's compensation.

This last-mentioned proposal was by Talpis accepted, but defendant, upon being advised of such acceptance, declined to consummate the sale, assigning as reason therefor that his wife did not desire the property to be sold. It was then alleged: "Plaintiff says that throughout the duration of the aforesaid negotiations with the said Talpis, the said Defendant and the said Defendant's wife repeatedly urged him to extend himself in disposing of the said property to the said Talpis; that in response to the said urgings of the said Defendant and his wife, and pursuant to the authority and commission given him by the said Defendant, he did procure from the said Talpis an acceptance, binding in law on the said Talpis, of Defendant's last

hereinabove described offer; that he, the plaintiff, performed all and singular the obligations and duties devolving upon him by virtue of his employment in the premises, and became entitled thereby to receive from the said Defendant the commission and compensation agreed on, to-wit: Two Thousand Five Hundred Dollars, ($2,500.00)," which defendant refused to pay.

The defendant answered by general demurrer and general denial.

The issues submitted read:

"Question No. 1: Do you find from a preponderance of the evidence that the defendant, J. Stolaroff, or his agent, Fabian Stolaroff, had authorized plaintiff, Campbell, to offer the premises known as 214 East San Antonio street, El Paso, Texas, to J. Talpis at the sale price of $62,500.00, payable $15,000.00 cash and the balance in five equal yearly payments, payable on or before maturity, at seven per cent. per annum interest?

"Question No. 2: Do you find from a preponderance of the evidence that J. Talpis, in substance, stated to and agreed with plaintiff, Campbell, that he would purchase the property on the above terms and at the above price?

"If you answer Question No. 2 in the affirmative, then, but not otherwise, answer the following question:

"Question No. 3: Do you find from a preponderance of the evidence that defendant, J. Stolaroff, refused to proceed with the sale of the property herein mentioned to Talpis on the terms alleged by plaintiffs?

"Question No. 4: Did J. Stolaroff or Fabian Stolaroff agree with or state to plaintiff, in substance, that he should receive $2,500.00 as his compensation if he should cause J. Talpis to agree to purchase said property at the above terms and price?

"Defendant's Question No. 1: Do you find from the evidence that a sale of the San Antonio Street property by plaintiff to Joe Talpis was contingent upon J. Stolaroff, the defendant, consummating a real estate deal, or deals, in California? Answer 'yes' or 'no.'"

All issues were answered "Yes" except the last, which was answered "No."

Plaintiff testified to an oral acceptance by Talpis of the proposal which he was last authorized to submit. He admitted there was no written contract made by Talpis. Plaintiff's own testimony refutes his allegation that he procured from Talpis "an acceptance, binding in law on the said Talpis." Talpis testifying for defendant denied he ever agreed with plaintiff to pay $62,500 for the property. He testified: "I made an offer to Mr. Stolaroff of $55,000.00 on the property at one time, and I would have paid him $55,000.00 for the property. Mr. Campbell succeeded in interesting me in the property. He was telling me the price would be $62,500.00. I

never accepted that particular price. I wasn't interested at that price." In another part of his testimony he said the property was offered to him by another broker for $61,500, and he might have bought it at that price, though he did not tell the broker so.

Under an assignment complaining of the refusal of a requested peremptory charge in his favor and another asserting the judgment is unsupported by the pleading and evidence, appellant presents the proposition that plaintiff has pleaded an enforceable contract to purchase made by Talpis and has failed to prove such contract; nor is there plea or proof that plaintiff procured a purchaser ready, willing, and able to purchase.

A broker employed to sell is entitled to compensation for his services when he procures a purchaser ready, willing, and able to purchase the property at the price and upon the terms his principal authorized the property to be offered. The principal cannot defeat such right to compensation by refusing to consummate the sale. When the sale fails because of such refusal it is wholly immaterial whether the prospective purchaser by enforceable written contract has bound himself to purchase. The failure to consummate in such case is due to the default of the owner and is in no wise attributable to the want of such contract.

A broker, employed to sell, who procures a purchaser, who enters into an enforceable contract with the vendor, is also entitled to compensation, though the prospective purchaser later refuses to consummate the contract. Moss & Raley v. Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847.

If the failure to consummate the contract is due to the default of the broker's principal, such broker in order to recover compensation need plead and prove only that he procured a purchaser ready, willing, and able to purchase upon the terms authorized by the seller, and the latter refused to sell.

If the failure to consummate is due to the refusal of the purchaser so to do, then plaintiff must plead and prove that such purchaser was able to do so, and by enforceable contract bound himself so to do. The latter allegation and proof dispenses with the necessity for plea and proof of the purchaser's readiness and willingness to purchase.

The case made by the petition shows refusal on the part of plaintiff's principal, Stolaroff, to sell after the prospective purchaser Talpis had agreed so to do by enforceable contract.

From what has been said the latter allegation is immaterial. It would be material only if it had also been averred that Talpis declined to consummate. In such case it would be material, for Stolaroff and Talpis could not defeat plaintiff's right to compensation by voluntary rescission of the enforceable contract and refusal to consummate.

We thus come back to the question presented by appellant's proposition as to the facts necessary to be pleaded and proven by plaintiff to sustain the judgment rendered in his favor.

He was employed to find a purchaser ready, willing, and able to purchase the property at a certain price and upon certain terms of payment.

Not until the broker has done what he was employed to do has he earned his compensation. 9 C. J. 587, § 85. Each of the words, "ready," "willing," and "able" express an idea the others do not convey. Phillips v. Rudy, 146 Ky. 780, 143 S. W. 397. All three of the elements must exist in the customer to entitle the broker to his commission. 9 C. J. 599, § 88.

The petition shows defendant authorized plaintiff to offer the property to Talpis for $62,500; hence, there was no necessity for allegation or proof of the ability of Talpis to pay. This is true, because it shows Talpis was satisfactory to defendant as a purchaser. Under such circumstances the ability of Talpis to carry out the contract is not in issue. Conkling v. Krakauer, 70 Tex. 735, 11 S. W. 117; Watkins L. M. Co. v. Thetford, 43 Tex. Civ. App. 536, 96 S. W. 72; Leuschner v. Patrick (Tex. Civ. App.) 103 S. W. 664.

There is no direct allegation that Talpis was ready and willing to purchase, but that he was once so is the necessary inference from the allegation that plaintiff procured from Talpis an acceptance binding in law on Talpis, of defendant's last proposal. Flynn v. Jordal, 124 Iowa, 457, 100 N. W. 326. But this latter allegation was not proven. On the contrary, plaintiff's own testimony shows such acceptance was oral and therefore not enforceable against Talpis. See article 3995, R. S. of Texas, § 4; McDonald v. Whaley (Tex. Com. App.) 244 S. W. 596; Simpson v. Green (Tex. Com. App.) 231 S. W. 375; Hooks v. Bridgewater, 111 Tex. 122, 229 S. W. 1114, 15 A. L. R. 216.

So the evidence at best simply by inference shows readiness and willingness on the part of Talpis to purchase at the time he accepted defendant's proposal, but the further inference cannot be indulged that Talpis continued to be ready and willing to buy upon the terms proposed. According to Talpis he never was ready or willing to buy for $62,500, but as to this an issue of fact is raised by the testimony of plaintiff that Talpis did orally agree to buy for $62,500.

We do not think a real estate broker is entitled to compensation by simply showing that he procured an oral acceptance by a prospective purchaser of a proposal to sell to him. In such case it is incumbent upon the broker to plead and prove a continuing readiness and willingness of such purchaser, and the failure to consummate the sale was due to the default of the seller.

In almost every sale of real estate some time necessarily elapses between the preliminary and final contract. Especially is this true where the consideration to be paid is large as in the present case. A prospective purchaser might orally agree to buy, but change his mind, and decline to buy before the title could be examined and the deal closed. In such case the broker would not be entitled to compensation because he had not found a purchaser ready and willing to buy or who had obligated him so to do by enforceable contract.

We are therefore of the opinion the assignments under consideration are well taken because the plaintiff failed to plead and prove that Talpis was ready and willing at all times to buy or had obligated himself so to do by enforceable contract and the failure to finally consummate the sale was alone due to defendant's default. He pleaded an enforceable contract, but did not prove it.

We will not, however, reverse and render judgment as asked by appellant.

If in fact Talpis was a prospective purchaser, satisfactory to appellant, ready and willing to buy at the price and upon the terms quoted by appellant, continued ready and willing, and his failure to purchase was solely due to the refusal of appellant to carry out his proposal to sell, then the plaintiff is entitled to recover.

We think the ends of justice may be better served by remanding rather than rendering, so the evidence upon the ultimate controlling issues of fact may be fully developed. In such cases this may be done, even though it necessitates amendment of the pleadings. Camden Fire Ins. Co. v. Yarbrough (Tex. Com. App.) 215 S. W. 842.

Appellant complains of question No. 2, upon the ground that it submits merely an evidentiary fact. This is well taken. The ultimate controlling issue was whether Talpis was ready and willing to purchase at the price and upon the terms quoted and so continued. His oral acceptance of the proposal is prima facie evidence of his then readiness and willingness to buy. Flynn v. Jordal, supra. If the acceptance had been legally enforceable against him, it would be immaterial whether he continued ready and willing. Moss & Raley v. Wren, and Flynn v. Jordal, above cited. But since the acceptance was oral it was not binding upon him, and upon the views expressed above it was incumbent upon plaintiff to show that Talpis continued ready and willing to buy and the failure so to do was due to Stolaroff's refusal to sell. According to the testimony of Talpis he never was willing to pay $62,500.

It is unnecessary to consider the objection urged to the form of question 2, for upon retrial such question should not be submitted; it being merely evidentiary.

Over objection plaintiff was permitted to testify to conversations between himself and Talpis, not in the presence of defendant, showing the agreement of Talpis to buy. Defendant requested an instruction that any statement by Talpis that he would purchase the property could not be considered for any purpose except to show the efforts made by plaintiff in connection with the sale. Upon the authority of Fordtran v. Stowers, 52 Tex. Civ. App. 226, 113 S. W 631, error is assigned to the refusal of such instruction. The ruling in that case arose upon a different state of facts and is inapplicable here. The instruction was properly refused. Ross v. Moskowitz, 100 Tex. 436, 100 S. W. 768; Luhn v. Fordtran, 53 Tex. Civ. App. 148, 115 S. W. 667; Saunders v. Thut (Tex. Civ. App.) 165 S. W. 553; Obenauer v. Solomon, 151 Mich. 570, 115 N. W. 696; McDonald v. Smith, 99 Minn. 42, 108 N. W. 291.

Our view of the admissibility of the evidence for all purposes is well stated in the case last cited, where it was said: "The defendant urges in support of his motion for a new trial that the court erred in its rulings on the admission of evidence and in its instructions to the jury. A number of assignments of error in this connection relate to the admission in evidence, over the objection and exception of the defendant, of conversations, when he was not present, between the plaintiff and the proposed purchaser in relation to his purchase of the timber. It is claimed on the authority of Rutherford v. Selover, 87 Minn. 495, 92 N. W. 413, that such evidence was simply hearsay, and therefore not admissible. The plaintiff's claim to be paid a commission does not rest upon a written contract by the purchaser whereby he was legally bound to buy the timber but upon the claim that he procured for the defendant a purchaser. It was then necessary for him to offer evidence to establish the fact that he found a purchaser able and ready to buy on the authorized terms, and that he communicated the result of his negotiations to the defendant, and afforded him a fair opportunity to consummate the contract with the purchaser. Such evidence, if the result of the negotiations be communicated to the principal, is not hearsay but original evidence tending to establish the alleged fact that plaintiff found a purchaser. It is just as clearly original evidence as would be a written statement of the proposed purchaser to the broker stating that he would buy on the authorized terms, if the principal elected to accept his offer"—citing Grosse v. Cooley, 43 Minn. 188, 45 N. W. 15; Vaughan v. McCarthy, 59 Minn. 199, 60 N. W. 1075; Fredin v. Richards, 66 Minn. 46, 68 N. W. 402; Huff v. Cole's Estate, 127 Mich. 351, 86 N. W. 835; Woolley v. Lowenstein, 83 Hun, 155, 31 N. Y. S. 570.

The refusal of the issue made the basis of the ninth and tenth propositions presents no

error in the state of defendant's pleadings and in view of the offer of the court to give the same if properly framed and defendant's refusal to so frame the same.

Reversed and remanded.