## PEELER v. BEAN.

### No. 7576.

Court of Civil Appeals of Texas. Austin.

April 22, 1931.

Rehearing Denied May 13, 1931.

J. C. Abney, J. Tom Higgins, and Roy L. Walker, all of Lampasas, for appellant.

G. A. Walters, of San Saba, H. F. Lewis, of Lampasas, A. L. Curtis, of Belton, and F. B. Lloyd, of Alice, for appellee.

BLAIR, J.

Appellant sued appellee for a broker's commission, alleging that appellee listed his 851-acre ranch with appellant for sale at $25 or more per acre, agreeing to pay a 5 per cent. commission on the sales price; and further alleging as follows: "That in pursuance of said agreement the plaintiff did on or about the 10th day of March, 1930, procure for the defendant a purchaser, T. J. Casner, of Llano County, Texas, at a greater sum than $25.00 per acre, to-wit: $26.50 per acre or a total sum of $22,351.50. That the said T. J. Casner was ready, able and willing to comply with said purchase at a greater sum than $25.00 per acre, and ready to pay all cash, or assume the indebtedness against said land, and pay the balance in cash, agreeing to accept said property under the terms and conditions as listed and made to plaintiff by the defendant, and was presented and introduced to defendant by plaintiff, and was ready to close said deal on to-wit: the 1st day of April, 1930, as submitted by defendant to plaintiff and presented to said purchaser by plaintiff and defendant. But notwithstanding the agreement and listing of said property by defendant with plaintiff, defendant failed and refused and still fails and refuses to perform his contract or agreement with the purchaser, although the purchaser was at all times ready, able and willing to comply with the terms and conditions of said sale as made by defendant to plaintiff, and further fails and refuses to pay plaintiff the commission as agreed upon between them, or a rea-

sonable commission for his services under their agreement."

The testimony offered by appellant proved the allegations of his petition. That is, proved the listing of the land with appellant for sale; that appellant procured T. J. Casner as a prospective purchaser. That Casner had executed an option contract to sell his own land to the River Oaks Dam Company on April 1, 1930, and with this in view Casner testified that he and appellee orally agreed on or about January 29, 1930, as follows: "I took my option contract with me, and told Mr. Bean I liked his place and would like to buy it, but couldn't make a deal with him and make a down payment on the place, but in order to show good faith, I would pay some in the way of an option on his place, and we discussed that, and then he said, 'Well, if the place suits you, it suits me just as well to wait until April 1st, until you get your money'. I told him I wouldn't have any money before April 1st, and he said his abstract was in Houston and 'We'll just wait until April 1st, and I'll get the abstract back, and we'll carry it right on out.' And Mr. Bean said, 'If you will say you will take the place, provided you are bought out, I won't offer the place for sale to anyone else.' I said, 'I'll take it if I am bought out.'"

Casner further testified: "I next saw Mr. Bean on or about February 11th. I wanted to get hold of his abstract to have it examined, and I went to his house and told him I had brought a little money to get hold of the abstract; that I wanted my attorney to go over the abstract and have it ready if my deal was carried out in April, and he said he wanted to talk it over with his wife and said, 'I'll talk to you tomorrow', and for me to see Mr. Peeler. He didn't say he would see me. There was nothing further said about closing up the deal, only that he wanted to talk to his wife. That was the last conversation I ever had with Mr. Bean, as well as I remember. I was ready, able and willing on April 1st to close that deal."

Appellee notified appellant on March 15, 1930, that he desired to withdraw his place from the market, and although both appellant and the prospective purchaser protested this action, and requested him to carry out his contract to consummate the sale on April 1, 1930, as agreed, appellee refused to do so.

■ At the conclusion of appellant's testimony the learned trial judge instructed a verdict and rendered judgment for appellee, upon the ground that appellant's testimony showed the purchaser's contract to buy the land was oral and therefore not enforceable against the purchaser. In this the court erred, because appellant both pleaded and proved that Casner was ready, able, and willing to purchase the land upon the agreed terms at all times; and that the failure to consummate the sale was due solely to the default of appellee. The law is settled that a broker is entitled to his commission when he procures a purchaser who is ready, able, and willing to purchase the land upon terms agreeable to the seller, and when failure to consummate the sale is due to the default of the seller. Stolaroff v. Campbell (Tex. Civ. App.) 18 S.W.(2d) 838.

Appellee contends, however, in support of the instructed verdict, that: "Appellant in his amended original petition alleges that he procured Mr. T. J. Casner who was ready, able and willing at all times to pay the price asked by appellee. This allegation is not borne out by the proof. There is not an iota of testimony or evidence of any kind in the record of this case, either express or implied, to the effect that Mr. Casner was ready, able and willing to buy appellant's property on January 30th, February 11th, March 10th, or at any time before it was withdrawn from the market. On the contrary, the testimony shows that Mr. Casner was not ready, able and willing to buy at that time, but he stated that he might be ready on April 1, and then provided he was able to sell his own land. Appellant in his proof attempts to show that appellee orally entered into a contract with Casner to sell April 1."

But appellee contracted to "wait until April 1st, until you (Casner) get your money." "We'll just wait until April 1st * * * and we'll carry it right on out." "If you will say you will take the place, provided you are bought out, I won't offer the place for sale to anyone else." Casner testified that, "I was ready, able and willing on April 1st to close that deal." So, both the pleadings and the proof raised the jury issues of whether appellee orally agreed with Casner to sell him the land April 1, 1930, and whether on April 1, 1930, Casner was ready, able, and willing to carry out his contract of purchase, and that he would have done so but for the default of appellee. Certainly appellee could contract to close the deal April 1, 1930, as the petition and proof showed he did, and as he contracts so is he bound.

The judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.