Various other questions have been presented in argument which it is not deemed necessary to notice.

For the error mentioned the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

CASE 30—PETITION ORDINARY—FEBRUARY 9.

# Cooper vs. Poston.

APPEAL FROM CLARKE CIRCUIT COURT.

1. Where the payor and payee of a note are of the same name, it must be presumed, in behalf of an assignee of the note, that they are different persons. The legal presumption is in favor of the validity of the contract.

2. In such case it is not necessary for the plaintiff to aver that the defendant and payee are different persons. The fact that they are the same person is matter of defense properly coming from the other side.

3. The plaintiff assigned the note pending the action, and he and his assignee filed an amended petition alleging that fact. A judgment in favor of the *plaintiff* was a clerical misprision, and besides, was not prejudicial to the defendant. (2 *Met.*, 302.)

4. Where, in an action on a note, the only defense is usury, and the verdict was " we of the jury find for the plaintiff," the court properly rendered a judgment against the defendant for the amount of the note with interest    (*Code, sec.* 416.)

5. *Section* 539 of the *Code* relates only to cases involving questions of value and damage, as questions of fact. As a general rule the jury must, in such cases, assess the *amount* of recovery.

G. SMITH & B. F. BUCKNER, for appellant, cited 15 *B. M.*, 466 ; 14 *B. M.*, 86 ; 2 *Met.*, 499 ; 3 *Met.*, 285, 434.

J. B. HUSTON, for appellee, cited 12 *B. M.*, 506 ; 2 *Met.*, 499 ; *Civ. Code, sec.* 123 ; 2 *Met.*, 90.

C. EGINTON, on same side, cited 2 *Dana*, 115.

JUDGE BULLITT DELIVERED THE OPINION OF THE COURT:

We cannot assume that the defendant, Mary Cooper, the payor, is the same person as Mary Cooper, the payee. There may be two persons of the same name. The legal presumption is in favor of the validity of the contract.

In behalf of the assignee of the note, it must be presumed, *prima facie*, that the payor and payee are different persons; and, in the absence of evidence upon the subject, it was the duty of the jury so to find. Moreover, if necessary to sustain the judgment, it would be our duty to presume, in the absence of a bill of exceptions, that the payor and payee were proved to be different persons.

It was not necessary for the plaintiff to aver that the defendant and the payee are different persons. This averment is dispensed with, not because the law presumes that fact, *prima facie*; but because the plaintiff's cause of action is founded, not upon that fact, but upon the fact that the defendant executed the note. As a general rule, the plaintiff is required only to state facts which constitute, *prima facie*, a cause of action, and need not anticipate matters of defense. The plaintiff, by stating the execution of the note by the defendant, the assignment of it to the plaintiff, and the breach by non-payment, made out a *prima facie* case.

If the payor and payee are the same person, that fact is matter of defense properly coming from the other side. It would, perhaps, be as reasonable to require the plaintiff to allege that the defendant was of sound mind, twenty-one years old, and unmarried, as to require him to allege that she executed the note to a person different from herself.

But it is contended that the court erred in rendering judgment in favor of the plaintiff, Poston, because he and Flanagan filed an amended petition, alleging that, pending the action, Poston assigned the note to Flanagan, and asking for a judgment in favor of Flanagan. But this error cannot avail the appellant, because, first, it is a clerical misprision (*Oldham vs. Brannon*, 2 *Met.*, 302); and as no motion was made to correct it in the court below, it cannot be corrected here. (*Code, sec.* 577.) And, secondly, the error was not prejudicial to the

appellant. She presented no set-off nor counter claim against Flanagan. It is immaterial whether she is compelled to pay the money to him or to Poston. As Flanagan was a party to the action, the judgment, though erroneous, is not void as to him. Payment to Poston, by the appellant, before notice of a motion by Flanagan to correct the error, or of his intention so to move, will bar any claim on the part of Flanagan. Our opinion upon this point does not conflict with the decision in *Oldham vs. Brannon*, cited above, because in that case the payment was made to the assignor before the rendition of the judgment in his favor.

Assuming, as we must do, that the note is obligatory upon the appellant as payor, the only material issue was, whether or not any usury was embraced in it. The verdict was, "we of the jury find for the plaintiff." The court, thereupon, rendered a judgment against the appellant for the amount of the note with interest. It is contended that the verdict did not authorize the judgment, because section 359 of the Code declares, that, "where, by the verdict, either party is entitled to recover money of the adverse party, the jury, in their verdict, must assess the amount of recovery." We have a different opinion. Questions relating to value and damage are questions of fact. As a general rule, in cases involving such questions, the jury must assess the amount of recovery. In our opinion, section 359 of the Code relates only to such cases. We may waive the question whether or not the Legislature can take from the courts, and give to juries, the authority to decide legal questions, because we are satisfied that the framers of the Code did not mean to do so. That they did not so intend, is proved conclusively by section 416 of the Code, which declares in substance that judgment shall be rendered in conformity to the pleadings, notwithstanding a verdict to the contrary. In an action upon a note for a certain sum of money, if there is no valid defense, the amount of recovery depends upon the construction of the pleadings and the contract. Such cases present purely legal questions. In the case under consideration, the only obstacle to the plaintiff's recovery was the plea of usury. The verdict showed that there was no

usury in the note. The pleadings and contract showed the amount which the plaintiff was entitled to recover. The law made it the duty of the court to render a judgment therefor.

The judgment is affirmed.