VOL. 86.]      JANUARY TERM, 1887.      15

Thomson's Adm'r v. Williams, Receiver.   Thomson's Assignee v. Same.

CASE 4—PETITION EQUITY—JUNE 11.

# Thomson's Adm'r v. Williams, Receiver.

# Thomson's Assignee v. Same.

86    15
91   312

1. REVIVOR OF ACTIONS.—Under the provisions of the Code for the re-
vivor of actions, it is not essential that the action be *actually revived*
within twelve months from the time the revivor should have been
had.   The *order to revive* must be made within the twelve months,
and a copy served as a summons.   When served, the case stands re-
vived unless valid objections are interposed.   If, however, the order to
revive is entered within the proper period, but no copy is issued and
placed in the hands of some one authorized by law to serve it, within
twelve months, there is such laches as should compel the plaintiff to
pursue his remedy by action; but the plaintiff is not barred of his
summary remedy merely by the neglect of the officer to serve the
order within twelve months or by the temporary absence of the rep-
resentative of the decedent from the jurisdiction.

In this case an order of revivor, although made within twelve
months, did not revive the action, as it was not served for seven years.

2. SAME.—An order to revive, made within six months from the qualifica-
tion of the personal representative, is a nullity, unless made by con-
sent, or unless the representative afterwards enters his appearance.

3. SAME.—A personal representative, by making a motion to dismiss an
appeal, which is sustained, does not enter his appearance to the action
so as to dispense with the necessity of the service of an order of re-
vivor in the lower court.

H. L. STONE FOR APPELLANTS.

1. At the time the judgment appealed from was rendered, the whole con-
troversy on the merits and on the question of revivor was *res judi-
cata.*   (MS. Op., May 28, 1878;   Williams, Receiver, v. Thomson's
Administrator, 80 Ky., 325.)

2. The judgment now appealed from is null and void.   The court had no
power over the case, as it was not properly on the docket;   nor had
there been a revivor in the mode prescribed by law.

An order to revive an action against the personal representative of
a defendant can not be made unless by consent, within six months
after the qualification of the personal representative.   (Old Civil
Code, sec. 568;   Buford's Administrator v. Guthrie, 14 Bush, 684.)

The service of the order of revivor of May, 1872, more than seven
years after it was made, was utterly futile.   There was then no action

16    KENTUCKY REPORTS.    [Vol. 86.

Thomson's Adm'r v. Williams, Receiver.   Thomson's Assignee v. Same.

on the docket. Such orders are required to be "served as a summons." (Old Code, sec. 562.)

An order to revive an action against the successor or representative of a defendant can not be made without his consent, unless within one year after the time when it could have been first made, and where the order is made after the expiration of the year it is void, unless it *affirmatively* appears from the record that the representative consented to it. (Civil Code, secs. 502 and 508.)

3. Even if the judgment appealed from is not void, there has been such laches by appellee or his predecessor touching the revivor of the cross-action in the court below that this court will not affirm the judgment.

4. No judgment could be rendered by the court below on the note sued on, before affidavit filed against the decedent's estate. (Gen. Stats., chap. 39, secs. 35 and 37; 14 Bush, 689; 2 Duv., 256; Worthley's Administrator v. Hammond, MS. Op., 1877.)

W. M. BECKNER and G. B. NELSON on same side.

Brief not in record.

CHAS. EGINTON and B. F. BUCKNER for appellee.

Brief not in record.

CHIEF JUSTICE PRYOR delivered the opinion of the court.

The present litigation should have a final termination. In an action in equity pending between Williams, Receiver, the present appellee, and Thomson's administrator, the case was decided adversely to the receiver, and he appealed to this court. There were other appellees on the appeal besides Thomson's administrator. When the case reached this court Thomson's administrator moved to dismiss the appeal as to him, because he was not a party to the proceedings below. Thomson, who was a party, died before judgment, and an order of revivor was entered, but never issued or was served on his administrator, and in this condition the judgment below was rendered. When the administrator made his motion to dismiss the appeal as to him for want of

revivor, an affidavit was filed by the appellant, or those representing him, to the effect that the order of revivor was in fact a consent order reviving the case, and the clerk had omitted to so state when entering the order below. 'This court then continued the case in order that the present appellee might have the mistake corrected in the court below, and then making it a part of the record in this court. He made no effort, so far as this record shows, to have the order of revivor corrected, so as it might be made a part of the proceedings on the appeal then in this court, and his appeal was dismissed.

The receiver, however, the appellee now, filed his petition in equity to vacate and set aside the judgment from which the appeal had been taken, alleging that by mistake the order of revivor showing the consent had not been entered, and that the administrator of Thomson had appeared in this court and fraudulently caused the appeal to be dismissed on the ground that there was no revivor. A demurrer was sustained to the pe-below to this proceeding, and on an appeal the judgment was affirmed (Williams, Receiver, v. Thomson's Administrator, 80 Ky., 328), this court holding that no effort had been made to supply the record in this court on the original appeal that was dismissed, and the appellant (now the appellee) had been guilty of such laches in failing to have that record amended as consti-tuted a bar to the proceeding to vacate the judgment. This, in our opinion, ended the litigation ; but, if not, it was too late to revive the action in the summary manner provided by the Code.

While the appeal in the case of Williams, Receiver,

v. Thomson's Administrator, was pending in this court, in which the motion to dismiss for want of revivor was entered, viz: on the twenty-second of October, 1879, the present appellee had an order of revivor, that seemed to have been made at the May term, 1872, reviving the action against Thomson's administrator, served on the administrator, and having the case redocketed (the same having been filed away), proceeded to litigate the questions between him and Thomson's administrator. It was seven years before the action was revived against the administrator, and that revivor was had while an appeal was pending in this court about the same matter, and time given the appellant to show that the order of revivor had in fact been entered and served, or revived by consent.

The order of revivor, having been made within six months from the qualification of the administrator, was a nullity, unless by consent, or the representative had afterwards made defense or entered his appearance.

2. Seven years had elapsed before this order was served, therefore no revivor could be had.

By section 501, Civil Code, the order of revivor may be made on the motion of either party, or of his repre tative or successor. By section 502: "If the order be made by consent of the parties, the action shall stand forthwith revived; and if not made by consent, the order shall be served in the same manner as a summons upon the party adverse to the one making the motion." By section 507, it is provided: "An order to revive an action against the personal representative of a defend ant, or against him and the real representative of the defendant, can not be made, unless by consent, within

six months after the qualification of the personal representative." Section 508 provides : "An order to revive an action against the representative or successor of a defendant shall not be made without his consent, unless within one year after the time in which it could have been first made." Section 509 provides : "An order to, revive an action in the name of the representative of the plaintiff may be made forthwith, but shall not be made without consent of the defendant after the expiration of one year from the time the order might have been first made, except, that if the defendant shall have also died, or his powers have ceased in the meantime, the order of revivor on both sides may be made in the period limited in the last section."

The ancient mode of revivor was by bill, setting up the facts constituting the original cause of action, and that had to be filed within a reasonable time, and that time was fixed at one year from the time the revivor could have been first had.

The question presented in this case is, can the order to revive be made on motion of the plaintiff within six months from the qualification of the personal representative or successor of the defendant; and if made after six months from the qualification and so entered of record, if there is no service of the order of revivor for twelve months from the time of qualification, or from the time the order could have been made, it is a bar to the right to revive, and the plaintiff required to resort to his action against the personal representative. The Code is plain that no order to revive against the defendant's representative, unless by consent, shall be made within six months from the date of his quali-

fication, and it is equally plain that time does not run against the order to revive until there is some one representing the original defendant against whom an order of revivor may be had. The order to revive is a summary mode of bringing the representatives and successors of the deceased party before the court, and is a substitute for the former bill of revivor; but this mode of revivor must be pursued as provided by the Code, and had within the period therein prescribed. There is a difference between an order reviving the action and an *order* to *revive;* and although, when entered in either mode, by consent, or when served, it amounts to a revivor, regardless of the mere form of the order, still it is plain, from sections 507 and 508 of the Code, that it is the *order to revive* that must be entered within the twelve months from the time the revivor could have been had, and not that the action must actually be revived within that period. The *order to revive* must be made within the twelve months, and when made, a copy served as a summons, and when served, the case stands revived unless valid objections are interposed.

Suppose, however, the order to revive is entered within the proper period, and no copy is issued and placed in the hands of some one authorized by law to serve it on the representatives of the decedent within twelve months; then, by analogy to the ancient practice, and under a proper construction of the several provisions of the Code on the subject, it is such laches as should compel the plaintiff to pursue his remedy by action; but we are not inclined to adjudge, that where the order is entered within the twelve months, and a

copy issued and placed in the hands of an officer who can serve the summons or order, that the plaintiff is barred of his summary remedy by reason of the neglect of the officer to serve it, or the absence of the representative of the decedent for the time being, although not properly from the jurisdiction.

Here was the lapse of seven years in this case before the order was served, and the motion to revive should have been overruled, and the objections of the appellant sustained.

It is argued that there was no necessity for a revivor against Thomson's administrator for this reason: That his administrator having appeared in this court on the first appeal, and having it dismissed as to him, was an appearance to the action, and no summons or revivor was necessary; and the case of Bentley v. Gregory, 7 Mon., 368, is relied on in support of the position. In that case Bentley filed a bill enjoining a judgment recovered against him by Pile, as assignee of Gregory, and the case having been decided on its merits adversely to Bentley, he appealed to this court. Before the judgment below was rendered Pile died, and an order of revivor was made, but not served on Pile's administrator. The administrator, however, entered his appearance to the appeal in this court, and the judgment was reversed. The court, alluding to the irregularity of the proceeding below in regard to the revivor, said that it would be unnecessary for a copy of the order to be served on the administrator after the return of the cause, for the reason that he had made himself a party by appearing in this court. So, if the administrator in this case, having entered his appear-

ance here by his motion to dismiss, if his motion had been overruled and the judgment reversed, no service of the order of revivor would have been necessary, because he had made himself a party by making the motion.

He will not be allowed to move to dismiss, and when his motion is overruled then insist that he was only a party for the purpose alone of making the motion; but when his motion is sustained, and this court adjudges that he is not a party to the record, and, therefore, dismisses the appeal, it is difficult to perceive in what manner this made him a party or dispensed with the necessity of service in any future action, or in the same action when pending below.

The motion to dismiss because he was not a party was at his peril. If the court sustained the motion, this ended the appeal as to him; but if overruled, he is then a party to the action for all the purposes of the litigation.

Judgment reversed, and remanded for proceedings consistent with this opinion.

Judge HOLT not sitting.