## Bratcher, by, etc. v. Ohio County Bank's Assignee

(Decided February 25, 1913.)

### Appeal from Ohio Circuit Court.

1.  Mortgages—Execution of New Note to Assignee—Assignment of Mortgage—Validity.—Where a husband borrows money from a bank, and he and a surety execute a note therefor, and he and his wife execute and deliver to the surety a mortgage on his land conditioned not only to indemnify the surety, but to secure the payment of the debt, and he then borrows the money from another bank for the purpose of paying the original note, and executes a new note therefor, with the agreement and understanding that the new note is simply a renewal of the original note, and the surety assigns to the second bank the mortgage in question, with the agreement that the second bank is to take his place as mortgagee, the mortgage is not discharged, but the assignment is valid, and vests in the second bank an enforcible lien against the property mortgaged.

2.  Homestead—Mortgage—Relinquishment of Homestead—Assignment of Mortgage Without Wife's Consent—Effect on Homestead.—The assignment by the mortgagee of a mortgage on the property of the husband, in which the wife has united for the purpose of relinquishing her homestead right, though made without the wife's consent, is valid, since under the mortgage the property was liable for the payment of the debt, and the assignment did not have the effect of imposing any additional liability or burden on the wife. In such a case the widow and infant children of the decedent are not entitled to a homestead as against the assignee of the mortgage.

3.  Appeal—Judgment—Clerical Misprision.—Where a judgment is rendered on a note for more than is claimed by the amended petition to be due, the mistake is not one for which a reversal may be had, but is simply a clerical misprision, which may be corrected on motion below.

BARNES & SMITH for appellants.

H. P. TAYLOR, for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

On April 9, 1906, T. B. Coghill borrowed from the First National Bank of Hartford, Kentucky, the sum of $100. As evidence of said indebtedness he, with M. T.

Likens as surety, executed and delivered to the bank their promissory note payable 90 days from date. Simultaneously with the execution of said note, T. G. Coghill and his wife, Mary B. Coghill, executed and delivered to M. T. Likens a mortgage on two tracts of land located in Ohio County, Kentucky, one tract containing 25 acres and the other tract about 15 acres. The material parts of the mortgage are as follows:

"WHEREAS, Thomas Coghill, of Ohio County, Ky., is indebted to the First National Bank of Hartford, Ky., in the sum of One Hundred Dollars, evidence by note of date, April 9, 1906, and whereas, M. T. Likens of Hartford, Ky., has signed said note as surety. Now, for the purpose of securing the payment of sum and to indemnify the said M. T. Likens against any loss he may sustain or liability he may incur by reason of said suretyship, the said Thomas Coghill and his wife, Mary B. Coghill, do hereby mortgage and convey unto the said M. T. Likens the following described property, to wit: (Here follows description).

"Mary B. Coghill, wife of Thomas Coghill, joins in this mortgage and expressly waives and relinquishes all claim of homestead and dower in and to said land, which is warranted free of encumbrance and against any adverse claims. To have and to hold the said property to the said M. T. Likens and his assigns forever; provided however, that if the said Thomas Coghill or his personal representative pay to the First National Bank, aforesaid, the sum of $100.00, with all interest and costs, and pay off and discharge said note and all renewals of same or parts of same, and thereby releases the said M. T. Likens from liability as surety for said Coghill, and that said note or renewals are paid promptly when due, then this deed or mortgage shall be null and void, otherwise to be and remain in full force and effect."

The note to the First National Bank was renewed several times. Likens told Coghill that he would not renew the note any longer, and pressed him to make arrangements to pay the debt. Coghill then went to the Ohio County Bank and arranged with it to pay the money, with the agreement and understanding that the mortgage to Likens was to be assigned to it. On April 27, 1907, Coghill borrowed from the Ohio County Bank the sum of $100, and he and his wife, Mary B. Coghill, executed and delivered to the Ohio County Bank their

note due 90 days after date as evidence of said indebtedness. At the same time Likens made the following assignment on the mortgage:

"Ohio County Bank having furnished the money to pay this note in my place, this mortgage is hereby assigned to said Ohio County Bank without recourse on me

April 27, 1907.

M. T. LIKENS."

Beneath the above assignment is the following:

"I have this day executed to Ohio County Bank a note for $100 as a renewal of the note for which this mortgage is given.

April 27 1907.

T. G. COGHILL."

During the month of January, 1911, the Ohio County Bank assigned all of its property to A. E. Pate for the benefit of its creditors. A. E. Pate as assignee brought this action against T. G. Coghill's administrator, Mary B. Bratcher, formerly Mary B. Coghill, and her infant children by T. G. Coghill, to recover on the note executed to the Ohio County Bank, and to enforce the mortgage lien by which it was secured. W. H. Barnes was appointed guardian *ad litem* for the infant defendants.

Mary B. Bratcher and the infant defendants, after setting up a claim to certain credits on the note in question, pleaded that the two tracts of land covered by the mortgage constituted one farm, and that the farm had been occupied as a homestead by her and her former husband for several years before his death, and by her and the infant children since his death, and further pleaded in substance that the mortgage was discharged when the debt to the First National Bank was paid, and Likens was thereby released from further liability, and that the assignment by Likens did not have the effect of transferring the mortgage lien to the Ohio County Bank.

Subsequently, by amended pleadings, plaintiff admitted certain credits on the note and certain usury therein, and asked judgment for $79.62. The only proof in the record is a deposition by M. T. Likens, who testified that he refused to renew the note any longer and insisted on Coghill's making arrangements to pay it, and that at the time the renewal note to the Ohio County Bank was executed and the note to the First National Bank was paid with the proceeds, he assigned the mort-

gage to the Ohio County Bank. The chancellor rendered judgment in favor of plaintiff against the administrator for the sum of $100, with six per cent interest thereon from July 27, 1907, until paid. Plaintiff was also adjudged a lien on the two tracts of land covered by the mortgage, and the land, or so much thereof as was necessary to satisfy the debt, interest and costs, was directed to be sold. From that judgment Mary B. Bratcher and the infant defendants appeal.

Since by the mortgage in question Mary B. Coghill, now Mary B. Bratcher, expressly relinquished her homestead right, it is manifest that the question whether she and her children are now entitled to a homestead in the property in question depends on the validity of the assignment of the mortgage by Likens. Defendants claim that the mortgage was given merely to secure Likens as surety on the note to the First National Bank, and therefore when the note was paid Likens was thereby released and the mortgage discharged. That being true, Likens had no interest in the mortgage which he could legally assign, and the Ohio County Bank acquired no lien by virtue of the assignment. Whether or not there would be any merit in this contention if the mortgage were merely personal to the surety it is unnecessary to decide. It is sufficient to say that the mortgage in question was given to secure the debt itself, and was to remain effective until the debt was paid. It cannot be doubted that if the assignment had been made to the First National Bank the assignment would have been valid and the bank would have had the right to enforce its lien by virtue of the mortgage. By agreement of all the parties the Ohio County Bank was substituted in the place of the First National Bank. Instead of renewing the note to the First National Bank the note was renewed to the Ohio County Bank. The condition on which the Ohio County Bank was substituted in place of the First National Bank was that the mortgage securing the indebtedness was to be assigned to it. Payment of the amount of the mortgage debt by one who intends and understands that he is taking it as assignee does not extinguish the debt or effect a cancellation or discharge of the mortgage. Here there was no intention to discharge the mortgage. The purpose of all the parties was to continue it as an existing security. The assignment shows that the Ohio County Bank was to take the place of

Likens as surety. If the note to the First National Bank had been transferred to it the assignment of the mortgage would have been valid. The effect of the transaction is substantially the same when, instead of assigning the original note to the Ohio County Bank, Coghill executed the new note, which the signed statement on the mortgage shows was to take the place of the old note. In the early case of Burdett, etc., v. Clay, etc., 8 B. Mon. 287, this court said:

"We are also of the opinion that the court erred in postponing the Hyatt debt and the Letcher debt of $701, secured by the second mortgage. That mortgage expressly secures the payment by the mortgagor of the debts named therein. And although the changes made in the forms in which the debts were evidenced or secured, may have made their identity more questionable and more difficult to be traced, it does not deprive them of the lien so far as they can be and are actually identified. This is proved by the cases already referred to, of Honore's Executors v. Bakewell and Brinkerhoff, &c. v. Lansing, &c.

"The assignment of a note secured by mortgage, carries with it the mortgage lien, which certainly is not destroyed by a renewal of the note to the assignee, any more than by its renewal to the mortgagee or original payee. And the case is essentially the same, if instead of assigning the note first, the new note be taken and delivered to the intended assignee of the debt. It is still the same debt entitled to the same security."

The fact that Mrs. Bratcher did not assent to the assignment is not material. The property belonged to her husband. She joined in the mortgage. The mortgage was given to secure the debt. The assignment did not impose any additional burden on her. The property was liable for the debt, and it matters not whether the mortgage be enforced by Likens and the First National Bank or by the Ohio County Bank, to which it was assigned. Being of the opinion that the assignment was valid, and that the Ohio County Bank acquired by the assignment an enforceable lien on the property, it follows that defendants are not entitled to a homestead therein as against plaintiffs.

It is insisted, however, that the judgment is for too much. Instead of giving judgment for $79.62, which was all that was due on October 16, 1911, the court gave

judgment for $100 with six per cent interest thereon from July 27, 1907. This, however, is not an error for which a reversal may be had. The mistake in the amount of the judgment is simply a clerical misprision which may be corrected on motion in the court below.

Judgment affirmed.