## Hall, et al. v. Woods.

(Decided May 26, 1916.)

### Appeal from Perry Circuit Court.

1. Abatement and Revival—Order of Revival—Waiver.—Where all the heirs of a deceased party to a judgment are served with notice of a motion to correct the judgment for a clerical misprision and they appear generally to the merits without plea or objection to the jurisdiction of the court, the want of a formal order of revival is waived.

2. Judgment—Clerical Misprision—Correction.—Where a judgment locates the seventh call of a survey as "N. 78 E. 126 feet," and it clearly appears from the record itself that in order to reach the eighth corner fixed by the court and to follow the remaining lines of the survey fixed by the court it is necessary to run 126 poles instead of 126 feet, the use of the word "feet" in the judgment is not a judicial error but a clerical misprision, which can be corrected on motion after the term at which the judgment was rendered.

MILLER & WHEELER and J. W. CRAFT for appellants.

J. B. EVERSOLE for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

In the year 1911 there was pending in the Perry circuit court an action between Ben Woods, as plaintiff, and P. W. Hall, as defendant, which involved the proper location of a 1,500-acre patent owned by Hall, and of a 125-acre patent owned by Woods. Judgment was rendered locating the Hall survey, and also locating the Woods survey so as to run with the last four lines of the Hall Survey. It was further adjudged that Hall was the owner of all the land included within his survey as so located, and that Woods was the owner of all the land included in his survey that lay outside of the Hall survey, and the Gilbert Couch 50-acre patent of 1854. The judgment fixed the seventh call of the Hall survey as follows: "N. 78 E. 126 feet." Though both plaintiff and defendant prayed an appeal from this judgment, no appeal was ever prosecuted by either.

Some time after the rendition of the above judgment, the defendant, P. W. Hall, died. In the year 1915 Woods served written notice on James M. Hall, John H. Hall, and others, the only heirs of P. W. Hall, that on the fifteenth day of the regular May term of the Perry circuit court he would enter a motion asking the court to correct the seventh call in the boundary of land described in the judgment so as to make same read: "N. 78 E. 126 poles" instead of N. 78 E. 126 feet," on the ground that the error appearing in the judgment of record was a clerical misprison, and the call as fixed by the judgment did not conform to the real judgment rendered by the court. All the heirs of P. W. Hall appeared in open court on the day fixed by the notice and resisted the motion. The court, after inspecting the map and other portions of the record in the case, and hearing arguments of counsel for each side, sustained the motion to correct the judgment and entered an order making the correction. From that judgment the heirs of P. W. Hall appeal.

2. The first contention of appellants is that the court was without authority to act, because after the death of P. W. Hall the action was never revived against appellants in the manner pointed out by the Code. As a matter of fact, however, appellants were all actually served with notice of the motion. This notice specified with great particularity the purpose of the motion. No

plea or objection to the jurisdiction of the court was presented. On the contrary, they appeared generally to the merits without objection, and the case was tried on its merits. We, therefore, conclude that the want of formal order of revival was waived and it is now too late to raise the question. I. C. J., p. 262, section 556; Greer v. Powell, 1 Bush 489; Phillips v. Rudy, 146 Ky. 780, 143 S. W. 397; Thomson v. Williams, 86 Ky. 15, 4 S. W. 914.

2. The point is also made that the mistake in the judgment, if a mistake at all, was a judicial error and not a clerical misprision. On the map used on the original trial the location of the Hall survey as claimed by Hall is shown by green lines. Its location as claimed by Woods is shown by orange lines. The trial court did not adopt entirely the contention of either party. He fixed the beginning corner of the survey and then proceeded along the green lines to the sixth corner shown on the map. After reaching the sixth corner the judgment reads:

"  *   *   *  , and thence with said orange line N. 25, 15 E. 1125 feet to a stake, N. 78 E. 126 feet to a stake, N. 18 W. 410 poles to a stake, N. 51 E. 50 poles to the beginning."

If we proceed with the orange line N. 25, 15 E. 1125 feet to a stake we reach the seventh corner on the orange line fixed by the court. If, however, we leave this point and proceed N. 78 E. for a distance of only 126 feet, we fall far short of reaching the eighth corner. In order to reach the eighth corner fixed by the court and follow the remaining lines of the survey as fixed by the judgment, it is necessary to go 126 poles from the seventh corner instead of 126 feet. To establish these facts it was not necessary for the trial court to resort to his own memory. They are clearly shown by the record itself.

Since the judgment itself, interpreted in the light of the map used for locating the survey, shows beyond all doubt that the seventh call as actually located ran from the seventh corner shown on the map to the eighth corner shown on the map, and as it also clearly appears from the record that the eighth corner will not be reached if we proceed on the seventh call for a distance of only 126 feet instead of 126 poles, it is apparent that the use of the word "feet" is a clerical misprision and

not an error attributable to the exercise of judicial dis-
cretion. And being a clerical misprision, it follows that
the trial court had the power to make the correction
after the term at which the judgment was rendered.

Judgment affirmed.