## Sowders v. Gingell, et al.

(Decided February 20, 1917.)

### Appeal from Henderson Circuit Court.

1. Bills and Notes—Maturity of Installments.—The maturity of a series of installments composing one entire debt may be accelerated upon the failure to pay any one of them, or past due interest on them, by agreement of the parties contained either in the notes evidencing the payments of a mortgage or debt securing them.

2. Bills and Notes—Default in Payment—Maturity of Installments.— G. executed a deed to S. for a tract of land, a part of the consideration for which was four notes for $500.00 each, and in the deed it was provided that all of the notes should become due upon the default of payment of either of them, or the interest on them, which was payable annually. Held, that upon default of payment of past due interest, as provided in the deed, G. could maintain his suit for the recovery of the entire debt and the enforcement of his retained lien.

3. Contracts—Consideration—Sufficiency.—A mere proposal to pay past due interest, without the tendering of the amount, and without consideration, will not support a promise to defer the collection of the interest.

4. Judgment—Clerical Misprision—Review.—Where a judgment is rendered for more than the correct amount as shown by the pleadings, it is a clerical misprision and should be corrected by motion made in the trial court, and cannot be reviewed by the Court of Appeals without the motion having been made.

5. Frauds, Statute of—Compromise and Settlement—A compromise of differences between plaintiff and defendant involving the sale of land cannot be effectual as such when the compromise is in parol only, as its terms cannot be enforced because within the statute of frauds.

DORSEY & DORSEY for appellant.

WOODWARD & DIXON for appellees.

Opinion of the Court by Judge Thomas—Affirming.

On September 18, 1913, the appellees (plaintiffs), Gingell and wife, conveyed to appellant (defendant) a tract of land in Henderson county consisting of 107½ acres, and at the time also sold and delivered to him one lot of farming implements, two mules and the then growing crop upon the land, the entire consideration being $3,000.00, $2,500.00 of which was evidenced by five promissory notes of $500.00 each, the first one maturing January 1, 1915, and the others on January 1 for the four succeeding years. The defendant was put into possession of the farm and made the first payment and also paid (but not at the date of its maturity) the first note due January 1, 1915. In each of the notes it is stipulated that the interest thereon, which ran from the date of the sale, should be payable annually. In the deed there is this accelerating clause:

"And in default of paying said annual interest or either one of said notes for sixty days after maturity, then all of said notes are to become due and collectible."

On December 24, 1915, none of the interest on the last four notes having been paid for sixty days after it became due, this suit was filed by plaintiffs to recover judgment for the last four notes, whose maturity it was insisted had been precipitated by the clause quoted from the deed, and to enforce their lien against the land reserved in the deed to secure the unpaid purchase money with interest. A copy of the deed was filed with the petition, and a demurrer filed to that pleading was overruled. Defendant then filed an answer, the substance of which is that just previous to January 1, 1915, at which time an annual installment of interest would become due, he had a conversation with plaintiff, I. W. Gingell, in which "he proposed to pay the said Gingell the annual interest on the aforesaid four notes sued on, and the said Gingell told him he did not need the interest, that he did not want it, and that he would let him know when he wanted him to pay it; that he would have use for the interest at a future time but did not care to collect it until he wanted to use it." It is furthermore alleged that this conversation was repeated some time in the summer of 1915, and that on each occasion he was ready, able and willing to pay the interest.

In another paragraph it is alleged that on the day preceding the one on which the suit was filed, defendant entered into an oral agreement with the plaintiff, I. W. Gingell, by which the notes sued on should be settled, including the reconveyance of the land to the latter, and which agreement, as alleged, was to be executed on the following day, but that plaintiff had violated it by filing suit and thereby refused to carry it out. It is further alleged that the defendant at the time of the filing of his answer was ready, able and willing to pay all of said past due interest, together with the note maturing January 1, 1916, which was past due at the time of the filing of the answer. There is also set up a counter-claim for $29.40, being the price of some hay and corn which defendant claimed was due him from plaintiff. A demurrer was sustained to all of the answer except the counter-claim, which the reply admitted, and defendant declining to plead further, judgment was rendered against him for the full amount, and the lien against the land was ordered to be enforced and it sold by the master commissioner for that purpose. Before this order could be carried out by the master commissioner an amended petition was filed charging that defendant was endeavoring to and would, unless prevented by the court, rent or lease the land for the year 1916, and an injunction was prayed against him to prevent him from doing so, which was granted. To reverse these two judgments this appeal is prosecuted.

The points urged for a reversal are: (1) error of the court in overruling the demurrer to the petition; (2) error of the court in sustaining a demurrer to the answer; (3) error in the failure of the court to give defendant credit on the judgment by the amount of his counter-claim; and, (4) error in the granting of the injunction.

Considering these in the order mentioned, it is a well settled principle of law that deferred payments of a series of installments of an entire debt may become due so as to entitle the holder to sue for the whole of the debt upon failure to pay any installment of the debt or interest, if there is an agreement to that effect. Such agreement may be contained either in the paper evidencing the debt, or in the one securing a lien for its payment. The general principle is stated in 27 Cyc. 1522, thus:

"A provision in a mortgage giving the mortgagee the right to declare and treat the entire amount secured as immediately due and payable upon default in the payment of any installment or of interest or taxes due is not in the nature of a penalty or forfeiture, but is a valid and enforceable contract, against which equity will not relieve the delinquent mortgagor in the absence of circumstances showing peculiar hardship or oppression or the taking of an unconscionable advantage. A provision of this kind enables the mortgagee to sue for and obtain a foreclosure, not merely for the installment or interest in arrear, but for the entire amount of the debt, although, without such covenant, it would not yet be due or payable."

In 8 C. J. 415, it is stated in this language: "Thus the time of payment is accelerated by a provision for the maturity of the principal, or default in the payment of an installment of interest," &c. This doctrine has been uniformly applied by this court, one of the cases being that of Union Trust & Savings Co. v. Marshall, 130 Ky. 206, wherein the court in its opinion said:

"It appears, however, that there was a provision in the mortgage to the effect that, if any interest remained unpaid for a period of thirty days, the whole debt should become due and collectible." The right of the plaintiff to treat the entire debt as due and to maintain a suit for its collection was therein upheld.

In the case now before us the accelerating fact, authorizing the plaintiff to treat the entire debt as due, is the non-payment of the annual interest due on the last four notes for more than sixty days prior to the filing of the suit. It is insisted, however, that such default in the payment of the interest cannot have the precipitating effect contended for because the deed did not provide for such effect except for non-payments accruing after January 1, 1916. We do not place this construction upon the language of the deed. The clause we have quoted from is an independent one, complete in itself, and applies to the payment of all interest accruing after the execution of the notes. The language in the deed: "And the notes for $500.00 each to be paid annually, beginning the first day of January, 1916," is preceded by similar language with reference to the note maturing January 1, 1915, and evidences to our minds an intention on the part of the grantor to enumerate all

of the notes, specifying the date of their maturity in the face of the deed, but proceeded no further than the one maturing on January 1, 1916. The purpose of inserting the precipitating clause was to prevent the occupancy of the land by the defendant without paying anything therefor, not even the interest on the deferred payments of the purchase price, thereby postponing the right of plaintiff to foreclose his lien until the maturity of the last note, unless the land was susceptible of division so that a portion of it could be sold as each note matured. We think it clear that the intention was to make all of the notes due and collectible upon default of the payment of the interest, as stipulated. The demurrer to the petition was, therefore, properly overruled.

On the second point, as to the erroneous ruling of the court in sustaining the demurrer to the answer, but little need be said. It is nowhere charged that any tender of the interest was made by defendant to plaintiff, nor is there any consideration shown for the alleged refusal on the part of plaintiff not to accept it. On the contrary, the compromise pleaded in the answer as occurring on the day before the suit was filed is a strong circumstance showing that plaintiff was pressing the collection of interest on all future payments, which was all that was then due him. As to the compromise relied on, it is perfectly clear that it can be given no force. It provided for the exchange of lands, and being in parol was not enforcible. Unless it was sufficient to entitle either party to enforce it, it cannot be given the effect of depriving either of them of a right which they possessed.

The failure to credit the judgment by the counterclaim amounting to $29.40 is, under the provisions of section 516 of the Civil Code, only a clerical misprision which cannot be reviewed by this court "until the same shall have been presented and acted upon in the circuit court." We are also forbidden, under the terms of section 763 of the Civil Code, to consider this objection without a motion to correct it having been previously made in the trial court. That the omission is a clerical misprision has been held in a number of cases from this court, among which are United States Fidelity & Guaranty Co. v. Boyd, 29 Ky. Law Rep. 598; Covington v. Scott, 8 Ky. Opinions 139, and Bratcher v. Ohio County Bank's Executor, 152 Ky. 458. Under these authorities

we are not at liberty to reverse the judgment for this error, as it is not shown that any motion was made in the court below to correct it. This, however, may yet be done, and the defendant given credit by the amount. The objection to the action of the court in granting the injunction is based upon the contention that defendant had no notice of the motion. Whether this be well taken we do not feel called upon to decide, because he has superseded the judgment and thereby become possessed of all the rights and privileges which he would have had without the granting of the injunction. By superseding the judgment the restraining influences of the injunction ceased and were no longer operative. The evil in the error complained of, if any, was nullified by the defendant's voluntary act in superseding the judgment, and we do not feel called upon to reverse the judgment for this complaint, even if we were justified in doing so, after the defendant has relieved himself of the evil effects thereof.

Upon the whole case we are convinced that the judgment is correct, and it is affirmed.