### Baker v. Davis' Administrator.

(Decided October 25, 1927.)

### Appeal from Perry Circuit Court.

1. Abatement and Revival.—Under Civil Code of Practice, secs. 502 507, 508, an order to revive or for revivor of a cause of action against deceased defendant's administrator, made upon the suggestion of the defendant's death, is not, in the absence of consent or service of such order, an order bringing the personal representative before the court.

2. Judgment.—Where, upon a defendant's death, an order of revivor of the cause of action was entered against the defendant's administrator, but the administrator did not consent to such revivor, nor was he served with notice thereof within 12 months thereafter, judgment rendered after such attempted revivor was, because of Civil Code of Practice, secs. 502, 503, 507, 508, void.

W. A. STANFILL for appellant.

B. P. WOOTTEN for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

In December, 1923, Barney Baker filed a petition in the Perry circuit court against the Hazard Water Company and W. O. Davis. At the June term, 1923, the de-

fendant filed a demurrer to the petition. On the 17th day of November, 1924, the following order was entered:

"On motion of W. W. Baker, the death of W. O. Davis is suggested, and it is ordered by the court that the above-styled cause be prosecuted against B. P. Wootton, administrator of the estate of W. O. Davis."

No other steps were taken until June 5, 1926, at which time the court overruled the demurrer and ordered the case transferred to the equity docket. On June 9th the plaintiff moved for a submission, pending which the administrator of W. O. Davis, without entering his appearance to the merits of the action, filed a plea to the jurisdiction of the court, alleging that as such administrator he had never been served with notice or any order or purported order attempting to revive the action or served with process of any kind; that no petition for revivor had been filed in the action and no summons issued thereon, and that he had never consented to any order of revivor or had notice of plaintiff's intention to move for such order; that W. O. Davis died in December, 1923, and he was appointed and qualified on December 20, 1923, and moved the court to set aside the former order attempting to revive the action. Following this, to wit, on the 26th day of October, 1926, plaintiff caused a copy of the order of 17th of November, 1924, set out above, to be served upon the administrator. On the 2d day of December, the case was submitted and judgment taken against both defendants in the sum of $500.00. Later, on the 14th day of February, 1927, the court adjudged the former proceeding void as to the administrator of W. O. Davis, set that judgment aside, and dismissed the petition as to him. Plaintiff appeals.

The question to be determined is, was the cause of action revived against the personal representative of W. O. Davis? If not, the judgment was void and the court's action proper.

Section 502 of the Civil Code provides:

"If the order be made by consent of the parties, the action shall forthwith stand revived; and, if not made by consent, the order shall be served, in the same manner as a summons, upon the party adverse

to the one making a motion. And, at the first term commencing not less than ten days after such service, the party upon whom it is made may show cause against the revivor; and, if sufficient cause be not then shown, the action shall stand revived.''

Section 507 prohibits an order of revivor against personal representatives within six months after his qualification, unless by consent.

Section 508 provides:

''An order to revive an action against the representative or successor of a defendant shall not be made, without his consent, unless within one year after the time when it could have been first made.''

Under the provisions of the Code, supra, a personal representative of the defendant may consent at any time for the action to be revived against him. In the absence of consent, an ''order to revive'' or ''for revivor,'' made upon the suggestion of the death of the defendant, is not of itself an order bringing the personal representative before the court. A copy thereof may be served upon him and thereupon an order reviving may be perfected, as provided by sections 502, 503. But the order for revivor cannot be made within six months of his qualification (section 507), nor more than twelve months after the time when it could have been first made (section 508). In construing this section, we have held that by analogy to the former practice under a *bill of revivor* the order ''to revive'' should be entered and copies of such order placed in the hands of the officer for service within twelve months after the right to make such order has accrued. See Thomson's Adm'r v. Williams, 86 Ky. 15, 4 S. W. 914, 9 Ky. Law Rep. 267; Burchett v. Clarke, 109 S. W. 888, 33 Ky. Law Rep. 240. The question being open as to whether an alias process could be issued after that time, if the officer failed to serve the original process which was delivered to him in time. However, that point does not arise in this case, as here the order ''to revive'' was entered on November 17, 1924, and the copy was not delivered to the sheriff for service until the 26th day of October, 1926, although the administrator qualified on the 20th of December, 1923, the service being nearly two

and one-half years after order "to revive" could have been made and practically two years after it was in fact made. These facts fall clearly within the principle laid down in the Thomson case, supra.

Wherefore the judgment is affirmed.