# Means & Russell Iron Co. v. Inland Gas Corporation.

(Decided Jan. 10, 1933.)

BROWNING & DAVIS for appellant.
CALDWELL & GRAY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The Inland Gas Company is engaged in the transportation of natural gas through pipe lines. One of its

pipe lines passes through a tract of land owned by Means & Russell Iron Company, adjoining the city of Ashland. The parties being unable to agree on the compensation to be paid for the easement, the Inland Gas Corporation brought this suit against Means & Russell Iron Company to condemn a right of way through the latter's property. The commissioners appointed by the county court fixed the damages at $1,-593.75. On exceptions, a judgment was rendered in the county court for the same amount. On appeal to the circuit court, the jury fixed the damages at $500. Judgment was entered accordingly, and the landowner appeals.

One of the grounds on which a reversal is asked is that the judgment goes beyond the petition as amended. The material portion of the petition is as follows:

"Plaintiff says that in the carrying on of its said business in the production and transportation of gas it is now constructing, and has constructed, a twelve (12) inch pipe line through Boyd County, Kentucky, and it has become, and is, necessary that it acquire from the defendant the right of way 16½ feet wide over said boundary of land, said right of way to extend 8 feet 3 inches from the center of said pipe line on either side, to construct, lay, maintain, operate, examine, alter, repair, replace and remove said pipe line for the transportation of gas along the route over and through the said boundary of land heretofore determined by plaintiff's engineers and hereinafter more particularly described, together with the right of ingress, egress, to, from, upon and over the same for said purposes. Also the right to construct, erect, maintain and remove a line of poles for the operation thereon of lines of telegraph and telephone wires along said route, to be used in connection with the operation of said pipe lines and the privilege of using other portions of the said defendant's lands hereinbefore mentioned for the purpose of hauling all necessary materials to said right of way and unloading same for said purposes."

There was filed an amended petition reading as follows:

"Comes plaintiff and expressly disclaims and with-

draws from its petition herein all claim to any privilege of using other portions of defendant's said land, outside the said right of way strip sixteen feet in width, for the purpose of hauling materials to said right of way or unloading same on said other portions, in connection with the maintenance of said pipe line or telephone or telegraph lines.''

The questioned portion of the judgment is as follows:

''The easement condemned herein is a right of way 16½ feet wide, for the construction, maintenance and operation of a sixteen (16) inch pipe line through the lands of the defendant, Means & Russell Iron Company, in Boyd County, Kentucky, said right of way to extend 8 feet 3 inches from the center line hereinafter described, with the right, to construct, lay, maintain, operate, examine, alter, repair, replace and remove said pipe line for the transportation of gas, together with the right of ingress and egress to, from, upon and over the adjacent lands of the defendant for the aforesaid purpose, together with the right to construct, lay, maintain and remove a line of poles for the operation thereon of lines of telegraph and telephone along and upon the right of way; said right of way condemned herein is of the width of 16½ feet, extending 8 feet, 3 inches on each side of the following described line. * * *''

It will be observed that, notwithstanding the amended petition disclaimed the privilege of using other portions of the defendant's land outside of the 16-foot strip for the purpose of hauling materials to the right of way, or unloading same on said other portions in connection with the maintenance of the pipe line, or telephone or telegraph lines, the judgment confers the right to ''maintain'' the pipe line, together with the right of ingress to, from, upon, and over the adjacent lands of the defendant, ''for the aforesaid purpose''; that is, for the purpose of maintaining the pipe line. To that extent, therefore, the judgment confers a right not claimed by the pleadings, but the question recurs, Is the mistake in the judgment a mere clerical misprision, or an error attributable to the im-

proper exercise of a judicial discretion? If the former, it is not a ground for an appeal until presented and acted upon in the circuit court, section 516, Civil Code of Practice, Smith v. Patterson, 213 Ky. 142, 280 S. W. 930; if the latter, it is ground for the reversal of the judgment. The following have been held to be clerical misprisions: The rendition of a judgment on a note for more than is claimed in the pleading to be due, Bratcher v. Ohio County Bank's Assignee, 152 Ky. 458, 153 S. W. 950; the omission from the judgment of a credit admitted by the petition, Dodds v. Combs, 3 Metc. 29, 77 Am. Dec. 150; the failure to embrace one of two notes in a judgment by default, Smith v. Mullins, 3 Metc. 182; giving judgment in favor of A and B on a note alleged to have been sold by A to B, and asking judgment in B's favor alone, Oldham v. Brannon, 2 Metc. 302; giving judgment in favor of A on a note after an amended petition had been filed setting up that the note had been assigned to B, and asking judgment in B's favor alone, Cooper v. Poston, 1 Duv. 92, 85 Am. Dec. 610; failure to give credit for an undisputed counterclaim, Sowders v. Gingell, 174 Ky. 127, 191 S. W. 896; describing the seventh call of a survey as "N. 78 E. 126 feet," instead of "N. 78 E. 126 poles" as shown by the record, Hall v. Woods, 170 Ky. 404, 186 S. W. 189. We can perceive no difference in principle between those cases and the case before us. The judgment simply confers a right not claimed in the pleadings, and, as the mistake appears of record, we are constrained to hold that it is a clerical misprision, and not an error attributable to the improper exercise of judicial discretion.

But the further point is made that the judgment is not supported by the pleadings, in that it confers a right of way for a 16-inch pipe line, whereas the petition describes the pipe line as a 12-inch pipe line. This is not a case where the petition is fatally defective. It is true the petition starts out by saying, "It (plaintiff) is now constructing and has constructed a 12 inch pipe line through Boyd County, Kentucky," but it goes on and says in substance that it is necessary to acquire a right of way 16½ feet wide and 2,550 feet long over defendant's property, and accurately describes the land over which the easement was sought. The case is before us with a bill of exceptions containing the instruc-

tions, but without a transcript of the evidence. It will be presumed that the omitted parts of the record will support the judgment, and therefore that the evidence showed a 16-inch pipe line. Myers v. Saltry, 163 Ky. 481, 173 S. W. 1138, Ann. Cas. 1916E, 1134. The pipe line was described in the instructions submitting the question of damages to the jury as a 16-inch pipe line. As the case was tried and damages were awarded on that basis, we are not disposed to hold that the inadvertence of the pleader in describing the pipe line as a 12-inch pipe line is fatal to the judgment, which, it is not claimed, does not conform to the actual facts.

Judgment affirmed.