Reba Ann PHELPS, Individually and as Administratrix of the Estate of John C. Phelps, Deceased, Appellant,

v.

Zula STEVENS, Individually and as Executrix of the Estate of James A. Stevens, Deceased, Appellee.

Court of Appeals of Kentucky.

March 26, 1965.

John W. Beard, Bratcher, Rummage & Beard, Owensboro, for appellant.

John B. Anderson, Owensboro, for appellee.

STEWART, Judge.

Samuel L. Givens, a single person, in 1951 conveyed Lot No. 1 in the Samuel L. Givens Subdivision in Daviess County to James A. and Zula Stevens for their joint natural lives with remainder in fee to the survivor of them. On August 16, 1958, the Stevenses, by general warranty deed which contained no restrictions or reference to restrictions, conveyed the property to John C. and Reba Ann Phelps for their joint natural lives with remainder in fee to the survivor of them, in consideration of $1500 cash and a purchase money note for $9500, bearing interest at 6% per annum and payable in 312 monthly installments of $60.20 each.

A deed of dedication restricts the lots in the Samuel L. Givens Subdivision to residential purposes. However, an accompanying plat recorded with the deed of dedication contains the notation that Lot No. 1 may be utilized commercially. An Owensboro attorney, reading the two instruments together, in a letter to the Stevenses expressed his opinion that the property could be used commercially and also reiterated the same view in a letter to the Phelpses.

The property when conveyed by the Stevenses to the Phelpses contained a residence but, soon after purchasing it, the Phelpses began preparations for erecting a commercial building. Thereupon the fiscal court of Daviess County sued the Phelpses to prohibit this property from being employed for any purpose other than residential. The Daviess Circuit Court in that action by judgment dated May 8, 1962, presumably because of a zoning restriction, permanently enjoined the Phelpses from devoting the property to any use other than residential. No appeal having been prosecuted from that judgment, it has become final.

The deed contained a vendor's lien and provided that upon 30 days' default in the payment of any monthly installment the holder of the note could declare the entire

balance due and proceed to enforce the lien retained. The monthly payments were made, including the August 15, 1961, install-ment, but no payments have been made since. The holder of the note, appellee, de-clared the entire balance due and brought this action on November 4, 1961, to enforce the vendor's lien. A sale of the property affected by the lien was asked to satisfy the judgment on the note.

The answer and counterclaim alleged breach of the covenant of general warranty contained in the deed, which breach came about because it developed the property was restricted as to use, and no mention of any restriction or reservation was contained in the deed. This pleading also asked for a judgment declaring that appellant be not held liable for any additional payments on the note, for a return of the amount paid, and "for all special, general and equitable relief."

During the trial appellant undertook to introduce testimony concerning damages, but an objection was interposed thereto and such objection was sustained. Appellant then moved to amend her pleadings in order to allege damages and, before judgment, she again moved to amend to include dam-ages. Appellee objected each time, and the trial judge overruled the two mo-tions.

The trial judge concluded appellee was not entitled to a foreclosure of the lien but was of the opinion that the deed of con-veyance should be set aside and the parties restored, as far as possible, to the position they occupied before the transaction was consummated. A judgment was entered under which the property was ordered re-conveyed and an accounting was worked out between the parties and ordered to be effectuated. This appeal is from the judg-ment.

Neither appellee nor appellant asked for rescission of the deed of conveyance. The holder of the note, appellee, was entitled to sue for the entire debt, upon appellant's failure to pay any note installment for a 30-day period, and to ask for an enforcement of the lien expressly reserved and for the application of the proceeds derived from a sale of the property in satisfaction of the unpaid purchase money. See Sowders v. Gingell, 174 Ky. 127, 191 S.W. 896. The essence of appellant's claim was that the trial court should determine the measure of her damages, if any, by reason of a breach of warranty.

Under the facts presented appellant would be entitled, if her proof establishes a breach of warranty, which point we do not decide, to recover damages from appel-lee in this action and, if she should so elect, retain the property upon payment of the purchase price, less such damages as she has suffered. "Where the land is con-veyed by a warranty deed the court has jurisdiction to award relief to the pur-chaser by abating from the unpaid pur-chase price any damage resulting from a breach of the vendor's covenants, and the damages may be ascertained either by di-recting an issue quantum damnificatus to be tried by a jury or by a reference to a com-missioner." See 55 Am.Jur., Vendor and Purchaser, sec. 506, p. 899.

The trial court under CR 15.02 should have permitted appellant to amend her pleadings during the course of the trial. No new subject matter was raised by the proposed amendments. Actually, appel-lant's pleadings, as they stand, support her theory of entitlement to compensation for breach of warranty but, for the purpose of clarity, the amendments offered should have been received and filed.

Wherefore, the judgment is reversed for consistent proceedings.